Filed January 19, 1893.

---

No. 698.

GUARANTY SAVINGS AND LOAN ASSOCIATION *v.* RUTAN ET AL.

REAL ESTATE.—*Indemnifying Bond to Protect Mortgagee Against Other Liens. —Will Not Extend to a Breach of Warranty of Title.—Mortgage.*—Where A. mortgaged real estate to B., and B., to protect said mortgagee against mechanics' liens existing, or about to come into existence, on said land, took from A. an indemnifying bond, with C. and D. as sureties thereon, and it subsequently appeared that A. did not, at the time of making said mortgage, and never did, have any title to said real estate—the indemnifying bond being intended, from all that could be gathered of the intention of the contracting parties, to protect said mortgagee against said mechanics' liens, such bond will not cover damages sustained because of a failure of title in said lands, or because title never existed in A.

CONTRACT.—*Construction.*—*Several Instruments or Contracts Relating to the Same Subject Matter and Based on the Same Consideration.*—The object in construing a contract is to arrive at the intention of the parties, and where several instruments or several contracts are made at the same time in relation to the same subject matter, and upon the same consideration, they should all be construed together.

SAME.—*Written Contract.*—*Scope of Consideration in Construing.*—The rule confining the court to a written contract, in its construction, where extrinsic matter is not averred, does not preclude the court from considering the situation and relation of the parties, the motives, and the objects to be accomplished.

From the Elkhart Circuit Court.

*O. T. Chamberlain* and *P. L. Turner*, for appellant.

*A. Deahl, C. W. Miller* and *F. E. Baker*, for appellees.

LOTZ, J.—This is an action by the appellant against the appellees on a bond executed by the appellee, Sherman Rutan, as principal, and by the appellees, Smith and Showalter, as sureties. The bond was payable to appellant. The appellees demurred separately to the complaint. The court sustained these demurrers, to which rulings the appellant excepted, and, refusing to plead over, the court rendered judgment against the appellant. The errors assigned in this court are the sustaining of the demurrers to the complaint. The facts as disclosed by the complaint show that on the 15th day of May, 1890, the appellee, Sherman Rutan, and —— Rutan, his wife, executed to the Guaranty Building and Loan Association, whose name was afterwards changed to Guaranty Savings and Loan Association, a certain mortgage deed on the north half of lot numbered two in Thomas' addition to the city of Goshen, to secure the payment of a certain first mortgage bond, executed by said Rutan and wife to said association for the sum of five hundred dollars; that, at the time of the bringing of the suit, said bond, according to the terms thereof, was due; that among the other conditions and provisions of said mortgage deed was the following: " And the said

Sherman Rutan and —— Rutan, parties of the first part, do covenant with the said party of the second part, its successors and assigns, as follows: *First*, that they are lawfully seized of said premises; *second*, that they have a good right to convey the same; *third*, that the same are free from all encumbrances, and, *fourth*, that said party of the second part, its successors and assigns, shall quietly enjoy and possess the same, and that said parties of the first part will warrant and defend the title to the same against all lawful claims." The complaint further avers that, on the same day and contemporaneously therewith, the appellee, Sherman Rutan, as principal, and appellees, Smith and Showalter, as sureties, executed to the appellant a certain other bond, by which they agreed to pay to appellant the sum of five hundred dollars on certain conditions. A copy of said bond was filed with the complaint as an exhibit, and made a part thereof. This bond, after the obligatory part, is in these words: "The condition of the above obligation is such that, whereas, the said Guaranty Building and Loan Association has, on the first day of May, 1890, loaned the said Sherman Rutan the sum of five hundred dollars ($500), which sum is secured by a first mortgage, executed by said Sherman Rutan and wife, on the following described premises, to wit: the north one-half (½) of lot two (2) in Thomas' addition to the city of Goshen, in the county of Elkhart and State of Indiana; and, whereas, certain buildings are in progress of erection or repair, or have been erected or repaired, on said premises, and certain labor and material have been or may be furnished in the erection or repair of said buildings, for which labor or material so furnished, the said premises are, or may become, subject to a mechanic's or builder's lien by reason of the failure, neglect, or omission to pay for work done or material furnished in the erection or repair of said buildings: Now, therefore, if the said Sherman Rutan shall pay all just claims for all work done and to be done,

and all material furnished and to be furnished in the erection or repair of said buildings as such claims shall become due, and shall save the said Guaranty Building and Loan Association harmless from all claims against said premises of whatever kind or nature that may affect its interests as mortgagee; then the above obligation to be void, otherwise to remain in full force and effect." The complaint further alleges that there are claims against said premises that affect plaintiff's interests therein in this, that said Sherman Rutan never owned said real estate or had any title of any kind, or any other legal or equitable interest in or to the same, at the time of the execution of the said bond, but that other persons, to wit, * * * possessed said real estate in fee simple, and claim the same, and that the owners thereof threaten to sue plaintiff unless it releases said mortgage lien; that, by reason of said claims and the failure of said title, plaintiff has been damaged in the sum of five hundred dollars, for which judgment is asked.

It appears from the complaint that the title of appellee Sherman Rutan to the real estate has not only failed, but that it never existed. The only question that arises is whether or not the last named bond, marked "Exhibit A," covers the failure of title. If it does the judgment below should be reversed, if not the judgment should be affirmed. Counsel for appellant contend that the indemnifying bond should be construed in connection with and in reference to the terms and conditions of the mortgage executed by Rutan and wife to appellant; that the mortgagors warranted and covenanted to defend the title to the realty against all lawful claims, and that, as the indemnifying bond expressly refers to such mortgage and the sum of money secured, it was the intention of the parties that the indemnifying bond should protect against a failure or want of title, as well as against the liens of mechanics and material men. It is well settled that where several instru-

ments or several contracts are made at the same time, in relation to the same subject matter and upon the same consideration, they should be construed together. *Cunningham* v. *Gwinn*, 4 Blackf. 341; *Durland* v. *Pitcairn*, 51 Ind. 426–444.

The primary object in the construction of contracts is to ascertain the intention of the contracting parties, at the moment their minds assented to the same proposition. In the absence of the averments of any extrinsic matter, courts are confined to the contract as written. *Evansville, etc., R. R. Co.* v. *Meeds*, 11 Ind. 273; *Beard* v. *Lofton*, 102 Ind. 408. But this rule does not preclude the court from considering the situation and relation of the contracting parties, the objects to be accomplished, and the motives they had in dealing with each other.

He who interprets should, as nearly as possible, put himself in the position of the parties at the time the contract was executed. He should consider the subject matter of the agreement and the knowledge of it which the parties possessed, the objects to be accomplished and the motives which they had in dealing with each other. The whole writing should be considered also in determining the meaning of any of its parts.

Going back to the time of the execution of the mortgage and the bonds, and surrounding ourselves with the attending circumstances, we have the appellee, Sherman Rutan, claiming to be the owner and entitled to the possession of the realty. He desires to borrow money, and to give his real estate as security. Appellant has money to loan; they meet and fix upon the terms of the loan. Rutan, at the time, is engaged in making improvements and betterments to the property, for the second bond recites that " certain buildings are in progress of erection and repair, * * * for which labor or materials so furnished, the said premises are or may become subject to a mechanic's or builder's lien." Such liens, it seems from this, had

an actual existence, and, if followed up and enforced, would take priority over the appellant's mortgage. And, again, when such improvements are in contemplation, such liens have a potential existence, and under certain circumstances may take priority over an existing mortgage. Elliott's Supp., sections 1705, 1598, 1605; *Warren* v. *Sohn*, 112 Ind. 213.

It occurs to us that it was the intention of the appellant, in taking the indemnifying bond, to protect its mortgage against such claims. Another view that adds strength to this position is the use of the terms "shall pay" and "shall save" appellant "harmless," indicating that the contract was made with reference to a future, and not a present, liability. The appellant will hardly assert that, at the time it made the loan and took its mortgage to secure it, it was aware of the want of title in Rutan, and that the bond was to protect it from such failure of title. The loan was for five hundred dollars, the bond for five hundred, and the contingent liability on account of mechanic's liens would then be unprovided for. Neither will it assert that it was in ignorance of the condition of the title, for a thing that lies in ignorance can not operate upon the mind in the making of a contract.

Counsel for appellant make an ingenious and plausible argument in support of their construction of the contract. It is, however, based upon the strict letter of the contract, without taking into consideration the surrounding circumstances of the parties, as the same appears from the contract itself. *"Qui hæret in litera, hæret in cortice."* "He who considers merely the letter of an instrument goes but skin deep into its meaning." Broom's Legal Maxims, 685. The recital in the bond of the existence of the appellant's mortgage, it seems to us, is merely matter of inducement. The bond would hardly be intelligible unless it showed that the appellant had some interest in the real estate which it desired to protect. As we construe both instru-

ments, the intention of the parties was to protect appellant's mortgage against the contingent liability on account of the liens of mechanics and material men only. *Burns v. Singer Mfg. Co.*, 87 Ind. 541.

We are informed by the record that the learned judge who determined the case below rested his decision on the maxims : "*Noscitur a sociis*," " the meaning of a word may be ascertained by reference to the meaning of words associated with it," and " *Verba generalia restringuntur ad habilitatem rei vel personam*," " general words may be aptly restrained according to the subject matter or persons to which they relate." Broom's Legal Maxims, pp. 589 and 648. The demurrers were properly sustained.

Judgment affirmed, at appellant's costs.

