## McCAULEY v. SCHATZLEY ET AL.

[No. 6,498. Filed July 1, 1909.]

1. CONTRACTS.—*Separate Writings.*—*Construction.*—Where two or more writings relating to the same transaction are executed simultaneously, they constitute a single contract, and must be construed together. p. 266.

2. SPECIFIC PERFORMANCE.—*Indefinite Contract.*—*Executed.*—*Complaint.*—A complaint for specific performance of an indefinite contract, alleging that the indefinite parts thereof had been executed, must allege that such execution was done under the terms of the contract, or had been acquiesced in by the parties. p. 266.

3. CONTRACTS.—*Written.*—*Execution.*—A written contract must be signed by both parties, or signed by one and accepted by the other. p. 266.

4. SPECIFIC PERFORMANCE.— *Allegations.*— *Proof.*— *Indefinite Contracts.*—*Part Execution.*—A complaint for specific performance alleging that the several writings set out constitute one transaction and form a single contract, does not permit the introduction of oral evidence to show that some of the writings were executed in part performance of the original indefinite contract; but an allegation that such writings were executed in accordance with such contract permits the formation of an issue of fact thereon, oral testimony being admissible in support or denial thereof. p. 267.

5. PLEADING.— *Complaint.*— *Conclusions.*— *Contracts.*— *Sales.*—An allegation in a complaint that the several writings set out constitute, as a whole, the written contract entered into by the parties, is a conclusion, where other averments and the writings themselves show that they were not executed simultaneously. p. 267.

6. SPECIFIC PERFORMANCE.—*Contracts.*—*Indefinite.*—A contract by which the plaintiff agreed to convey his farm to the defendants in consideration that defendants would convey theirs to him, that abstracts of title were to be furnished within twenty days, and if defects of title should exist, time was to be given within which to remedy such defects, that the deeds, note and mortgage

stipulated for should be deposited with a designated bank until the parties should agree to have them delivered, and that the plaintiff should execute his note secured by a mortgage and deliver same to such bank within a designated time, will not support a decree for specific performance, being too indefinite. p. 267.

7. PLEADING.— *Complaint.*— *Specific Performance.*—*Contracts.*—A complaint for specific performance of a contract should state facts sufficient to enable the court to draft a proper decree therefrom if judgment should be rendered by default. p. 267.

From Jasper Circuit Court; *Charles W. Hanley,* Judge.

Suit by Michael McCauley against Charles Schatzley and another. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Baughman & Williams,* for appellant.

*Moses Leopold,* for appellees.

HADLEY, C. J.—Appellant sued appellees for specific performance of a contract for the sale of lands. The complaint is in four paragraphs. Demurrers to each paragraph were filed, which were sustained. Appellant refused to plead further, and the court rendered judgment on the pleadings.

Error is assigned upon the ruling of the court on the separate demurrers to the third and fourth paragraphs of complaint.

The third paragraph of the complaint in substance avers that appellant, being the owner of certain real estate in Illinois, and appellees, being the owners of certain real estate in Indiana, on September 19 met at Wheatfield, Indiana, and agreed to exchange their said properties; that the terms and conditions of said agreement were by the parties reduced to writing; "that the written agreement was entered into by and between the parties. a copy of which written agreement is filed herewith and marked 'exhibit A,' and made a part of this paragraph; that a warranty deed was duly executed by appellant and his wife to appellees, conveying to them appellant's said real estate, a copy of which deed is filed herewith and marked 'exhibit B,' and made a part of said paragraph; that a warranty deed was executed by appellees,

conveying their said property to appellant, a copy of which deed is filed herewith and marked 'exhibit C,' and made a part of said paragraph; that a promissory note in the sum of $3,000, payable to appellees, was executed by appellant, and a mortgage securing the payment of said note was executed by appellant and his wife within a few days after said September 19, said mortgage so executed covering the real estate in Jasper county, Indiana, so conveyed by appellees to appellant, copies of which note and mortgage are filed herewith and marked 'exhibits D and E,' respectively, and made parts of said paragraph; that said contract, deeds, note and mortgage were all executed at the same time, in relation to the same subject-matter and the same transaction, and that said instruments make and constitute as a whole the written contract entered into by and between appellant and appellees herein for the exchange of said property."

It is then averred that said contract, deeds, note and mortgage were deposited in escrow in the bank at Wheatfield, Indiana, and are still held by said bank. Other averments are then made showing performance of the various obligations set out in the contract of sale on the part of appellant, the failure of appellees to perform on their part, and their repudiation of the contract.

The fourth paragraph is the same as the third in its substantial averment, and presents no question which is not presented by the third. Exhibit A, being the contract for sale, is as follows:

"This agreement entered into this 19th day of September, 1906, by and between Minnie Schatzley and Charles Schatzley, of Jasper county, Indiana, parties of the first part, and Michael McCauley, of Cook county, Illinois, party of the second part, witnesseth: That the parties of the first part, for and in consideration of the covenants and agreements hereinafter specified to be kept and performed by the party of the second part, do hereby agree to convey or cause to be conveyed to said party of the second part, his heirs or assigns, by a good warranty deed, the following described property,

situated in Wheatfield township, Jasper county, Indiana, to wit: \* \* \* And the party of the second part, for and in consideration of the covenants and agreements above specified to be kept and performed by said parties of the first part, doth hereby agree to convey or cause to be conveyed to said parties of the first part, their heirs or assigns, by a good warranty deed, the following described property, situated in the city of Chicago, Cook county, Illinois, to wit: \* \* \* It is hereby further agreed and understood by and between the parties hereto, and as part of the consideration of this agreement, that each party hereto is to provide for the use of the other, within twenty days from the date hereof, proper abstracts of title to the property hereby agreed by the parties to be conveyed or caused to be conveyed, showing good and sufficient title to the same in the grantor. And it is further agreed that if any defects be found in the title to the property the owner shall have time to cure such defects. Be it further understood by the parties hereto that this contract, together with the two deeds, the note and mortgage, shall be deposited in the bank of Wheatfield, to be kept by said bank until such time as the parties hereto shall, by themselves or their agent or attorneys, agree for said bank to turn over said deeds, note and all other papers connected with this deed to them. It is further agreed that the party of the second part shall execute to the parties of the first part a mortgage securing the payment of $3,000, and shall turn it over to the bank of Wheatfield by September 24, 1906. Possession to be given to each party by the other on or before March 1, 1907."

The deeds, note and mortgage are in the usual form, the note running for three years at five per cent interest. It is contended on the part of appellees that the complaint is insufficient, for the reason that the written contract for the sale, which forms the basis of the suit, is too indefinite to support a decree, in that, while it specifies that appellant shall give a note and mortgage to appellees, it does not specify the time for which said note shall run, nor does it specify the interest such note shall bear, nor does it specify the land upon which said mortgage shall be given; also, that

the contract provides that if any defects be found in the title of either of the properties the owner shall have time to cure such defect, without fixing any limit upon such time; that the contract also provides that, after the instruments are deposited in the bank, they are to be kept by the bank until such time as the parties shall agree that said bank shall turn over said deeds, note and other papers connected with the transaction, which leaves the actual transfer of the property to a future agreement between the parties.

Appellant does not insist that the contract of sale is sufficient in itself to warrant a decree, but contends that the averments of the complaint show that all of the writings were made at the same time, were part of the same transaction, and all together constitute the written contract between the parties, and that whatever deficiencies may be in the contract of sale are supplied by the execution of the other instruments. It is unquestionably the rule that where two or more writings are executed at the same time, and relate to the same transaction or subject-matter, they must be construed together in determining the contract between the parties. *Schmueckle* v. *Waters* (1890), 125 Ind. 265; *Carr* v. *Hays* (1887), 110 Ind. 408.

The difficulty in applying this rule to the present case lies in the fact that the appellant is seeking to have the court decree the performance of a contract entered into between the parties, which is indefinite and uncertain, and endeavors to cure this defect by averment of performance under the contract, without averring that such performance was in obedience to the agreement of the parties or had been accepted or acquiesced in by the parties. A contract in writing has no binding force until it is either signed by all the parties thereto or signed by one of the parties and accepted by the others. Here the contract of sale was signed by all the parties to be bound thereby but the deeds and note and mortgage were purely *ex parte* and not binding upon the grantee, payee, or mort-

gagee, unless made as agreed upon, or accepted or ratified, and there is no averment that they were either executed under the terms of the agreement or had been accepted as complying therewith, or in any way ratified by the parties sought to be bound. Had appellant averred that the deeds, mortgage and note were executed in full compliance with the agreement of the parties this would have been an issuable fact that could have been tried, but if his averment, that these instruments together constitute a written contract, should be held to be sufficient, a general denial thereto would not permit the appellant to prove that the mortgage and note did not comply with the agreement made, since a written contract may not be contradicted by parol proof. *Pierse* v. *Bronnenberg* (1907), 40 Ind. App. 662.

It is averred in the complaint that these instruments were all executed at the same time, although it is shown by another averment that the mortgage was signed at a subsequent time. The deed of appellant is dated six days prior to the date of the contract. These facts are shown by the complaint. It is also averred that said instruments make and constitute, as a whole, the written contract entered into by and between the appellant and appellees. This is simply the averment of a conclusion, and has no binding force. *Boyd* v. *Olvey* (1882), 82 Ind. 294.

The contract of sale is insufficient to sustain a decree for specific performance. To justify courts of equity in decreeing the specific performance of a contract for the conveyance of land, such contracts should specify with a reasonable degree of certainty the rights, duties and obligations of each of the parties, and a complaint to obtain a decree for the specific performance of such a contract should state facts sufficient to enable a court to draft a proper decree from its averments if judgment should be rendered by default. *Burke* v. *Mead* (1902), 159 Ind. 252; *Gas Light, etc., Co.* v. *City of New Albany* (1894), 139 Ind.

660; *Louisville, etc., R. Co.* v. *Bodenschatz* (1895), 141 Ind. 251; *Robbins* v. *McKnight* (1847), 5 N. J. Eq. 642; Fry, Spec. Perf. (3d ed.), §361; *Colson* v. *Thompson* (1817), 2 Wheat. *336, 4 L. Ed. 253; *Johnson* v. *Plotner* (1901), 15 S. Dak. 154, 87 N. W. 926; *Potts* v. *Whitehead* (1869), 20 N. J. Eq. 55; *Nichols* v. *Williams* (1871), 22 N. J. Eq. 63; *McKibbin* v. *Brown* (1861), 14 N. J. Eq. 13; *Schmeling* v. *Kriesel* (1878), 45 Wis. 325.

The complaint was insufficient.

Judgment affirmed.