## SOUTHERN FINANCE COMPANY *v.* MERCENTILE DISCOUNT CORPORATION.

[No. 11,702. Filed October 26, 1923.]

1. APPEAL.— *Review.— Failure to Challenge Findings.— Presumptions.*—Where appellant fails to challenge a finding of conversion of an automobile as charged in the complaint, the court on appeal may assume that such finding is correct. p. 437.

2. SALES.— *Conditional Sales.— Delivery to Purchaser.— Right of Parties.*—Where the owner of personal property sells and delivers to a purchaser, not for the purpose of consumption or resale, at an agreed price payable at a future day, upon the express condition that the title to the property shall remain in the vendor thereof, until the purchase price is fully paid, a conditional contract of sale exists which prevents the vendee, prior to such payment, from selling or encumbering the property in such manner as to defeat the title of the original owner and vendor. p. 438.

3. SALES.—*Conditional Sale.—Validity.—Momentary Ownership by Vendor.*—Where the owner of an automobile executed a bill of sale to plaintiff and immediately thereafter executed a note to plaintiff containing a contract of conditional sale, providing that the car should remain plaintiff's property until the note was fully paid, and received plaintiff's check, pursuant to a previous arrangement that plaintiff would advance eighty per cent. of the wholesale price, and plaintiff at no time had physical possession, *held* that, construing the bill of sale and the conditional sale contract together, the relation of vendor and vendee was never established, so as to give plaintiff title upon which to maintain an action for conversion. p. 438.

4. CHATTEL MORTGAGES.—*Recording.—Evidence.*—Where a mortgage, containing a recital, signed by the county recorder, that it had been recorded on a certain day, was introduced in evidence, the evidence sufficiently showed that it had been recorded. p. 442.

From Vanderburgh Superior Court; *Edgar Durre,* Judge.

Action by the Mercantile Discount Corporation against the Southern Finance Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*William L. Mitchell* and *Ollie C. Reeves,* for appellant.

*James E. Bingham* and *George F. Bingham,* for appellee.

BATMAN, J.—This is an action by appellee against appellant to recover damages by reason of an alleged conversion of an automobile. After issues were joined, the cause was submitted to the court for trial, resulting in a judgment in favor of appellee for $757.80. Appellant filed a motion for a new trial, which was overruled, and this action of the court is made the basis of this appeal.

The only reasons for a new trial which we find it necessary to consider are, that the decision of the court is not sustained by the evidence, and is contrary

1. to law. The material facts, as shown by the undisputed evidence, and the disputed evidence most favorable to appellee, are substantially as follows: Appellee is a corporation, engaged in buying and selling automobiles and commercial paper, with its principal office at Indianapolis, Indiana. Appellant is a finance corporation located at Evansville, Indiana. On March 18, 1920, one Peter H. Overbay was the owner of a Liberty automobile of the value of $1,800, which he had purchased a few days before of the Dunbar Motor Car Company. On that date he parked the same in the street in front of appellee's place of business in Indianapolis, and while it was so located, he executed a bill of sale therefor to appellee, which recited a consideration of $1,259, and also executed to it a promissory note for $1,259, containing a conditional sale contract for the same automobile, which provided, among other things, that it should remain the property

438    APPELLATE COURT OF INDIANA,

Southern Finance Co. *v.* Mercantile Disc. Corp.—80 Ind. App. 436.

of appellee until the note was fully paid.    Both of said instruments were executed at substantially the same time, pursuant to an agreement then existing between the parties, that appellee would resell the automobile to said Overbay in the manner described.    Appellee at the time gave said Overbay its check for $1,200, but did not take physical possession of the automobile at any time.    After the transaction stated, Overbay drove the car away.    On the date mentioned, Overbay was engaged in the automobile business in Vincennes, Ind., and had previously arranged with appellee to advance his firm 80% of the wholesale price of cars on their floor.    The execution of said instruments was not acknowledged before any officer, and were not recorded. On June 30, 1921, said Overbay executed his promissory note to the firm of Overbay and Overbay for the sum of $1,282.55, and, to secure the same, executed to said firm a chattel mortgage on said automobile.    The execution of said mortgage was properly acknowledged, and the same was duly recorded within ten days thereafter.    On the same day said note and mortgage were duly assigned to appellant.    In addition to the foregoing facts we may assume, that appellant has converted the automobile to its own use, as charged in the complaint, since it has not challenged the court's finding in that regard.

From a consideration of the facts stated it is obvious, that unless the instrument, executed by Peter H. Overbay to appellee, on March 18, 1920, purporting to be a conditional sale contract, covering the automobile in question, is valid as such, the judgment in this action cannot be sustained.    We recognize the law to be, that where the owner of personal property sells and delivers it to a purchaser, not for the purpose of consumption or resale, at an agreed price payable at a future day, upon the express condition that the

2, 3.

title to such property shall remain in the vendor there-
of, until the purchase price is fully paid, that a condi-
tional contract of sale exists which prevents the vendee
of such property, prior to such payment, from selling
or encumbering the property in such manner as to de-
feat the title of the original owner and vendor.
*Winchester Wagon Works, etc., Co.* v. *Carman* (1887),
109 Ind. 31, 9 N. E. 707, 58 Am. Rep. 382; *Cable Co.*
v. *McElhoe* (1915), 58 Ind. App. 637, 108 N. E. 790.
But, before there can be a valid conditional sale con-
tract, the one assuming to occupy the relation of owner
and vendor must be such in fact, and the one assuming
to occupy the relation of vendee of the owner must in
truth acquire his title through the latter.   Paper trans-
fers of titles are of no consequence, where correspond-
ing facts do not exist, nor will apparent momentary
ownership, for the purpose of an instantaneous resale,
suffice.   Mere forms will not be allowed to overshadow
the substance, and hence constructive sales and resales
will be disregarded if, in fact, only the relation of
debtor and creditor exists.   11 C. J. 410 *et seq.*; 24 R.
C. L. 446; *Babcock Co.* v. *Williams* (1898), 75 Minn.
147, 77 N. W. 791; *Williams* v. *Chadwick* (1901), 74
Conn. 252, 50 Atl. 720; *Robinson* v. *Farrelly* (1849), 16
Ala. 472; *Desloge & Rozier, Exr.,* v. *Ranger* (1842),
7 Mo. 327; *Studebaker. Bros. Co.* v. *Mau* (1905), 13
Wyo. 358, 80 Pac. 151, 110 Am. St. 1001; *Palmer* v.
*Howard* (1887), 72 Cal. 293, 1 Am. St. 60, 13 Pac. 858;
*Schneider* v. *Daniel* (1921), 191 Ind. 59, 131 N. E.
816, 17 A. L. R. 1410; *Payne* v. *Parker* (1909), 95 Miss.
375, 48 So. 835.   As said by the court in the case last
cited, involving facts very similar to the instant case,
wherein the appellee there occupied the same position
as the appellee here: "We have no disposition to depart
from the rule, now thoroughly established in this state,
that personal property may be sold with verbal reten-

tion of title, and that the claim of the vendor to the purchase money will prevail over the claim of subsequent grantees. But we cannot hold as a matter of law that Payne ever actually owned the mules here in controversy. The whole transaction must be examined. The mules were not purchased from Payne in the first instance. They were bought from one Lawson. The sole purpose of the alleged sale to Payne was that title might momentarily vest in him for the purpose of an instantaneous resale, in order that the relation of vendor and conditional purchaser might exist. The whole transaction might well be considered as nothing more than a verbal mortgage—an effort to substitute for a trust deed a pretended sale and resale, whereby innocent purchasers and incumbrancers would be defrauded. If this transaction is to be upheld, chattel mortgages will disappear. All borrowers upon personal property as security will simply agree with the lender to make a sale, accompanied by constructive delivery of the property, and buy the property back in the same transaction. We have here an illustration of a most flagrant wrong committed to the manifest injury of an innocent supply merchant. It is true that, under the previous decisions of this court, one taking a trust deed upon personal property must see to it that the person from whom the property was purchased has not reserved the title, or that he has been paid; but he cannot be defeated by constructive sales and resales, had between persons who in reality sustain no other relation than that of creditor and debtor. We will not push the doctrine one inch further than it has already gone. In order for the seller to enforce his claim, he must be in fact the owner of the property, and make a *bona fide* sale thereof to a *bona fide* purchaser, by which sale the actual possession of the property shall be in truth changed."

In the instant case appellee relies on the bill of sale, executed to it by Overbay for the automobile in question, as evidence of the fact it was the owner thereof. Such instrument, standing alone, might serve such purpose, but it does not so stand. It was evidently executed substantially simultaneously with the alleged conditional sale contract, under circumstances which require that both be construed together, since they pertain to the same subject-matter. *Schmueckle* v. *Waters* (1890), 125 Ind. 265, 25 N. E. 281; *Knepper* v. *Eggiman* (1912), 177 Ind. 56, 97 N. E. 161; *Guaranty, etc., Assn.* v. *Rutan* (1893), 6 Ind. App. 83, 33 N. E. 210; *McCauley* v. *Schatzley* (1909), 44 Ind. App. 262, 88 N. E. 972. This being true, we are confronted with the following controlling facts. Overbay took the automobile in question, which he had purchased of the Dunbar Motor Car Company a few days before, and was of the reasonable value of $1,800, and parked the same in the street in front of appellee's place of business. He then proceeded, in one and the same transaction, to execute the bill of sale and alleged conditional sale contract, in consideration of $1,200 received from appellee at the same time in the form of a check. After concluding this transaction he drove the automobile away. Appellee had never owned the automobile prior thereto, and never at any time had the same in its possession. The only conclusion to be drawn from these facts is, that appellee never became the *bona fide* owner of the automobile, and hence was not a *bona fide* vendor thereof, and that, not being a *bona fide* owner and vendor, the alleged conditional sale contract was without a sufficient basis to render it valid as such. To hold otherwise would require that an effect be given to the transaction, whereby a momentary transfer of title, through an instantaneous sale and resale, was attempted, which is unwarranted, even when aided by all reasonable in-

ferences of which the attending facts and circumstances are susceptible.    There appears to be no room for reasonable doubt in this regard; but, if there were, it should be resolved in favor of the conclusion announced, under the settled rule regarding conditional sale contracts.    11 C. J. 412; 24 R. C. L. 446; *Plummer* v. *Shirley* (1861), 16 Ind. 380; *Heath* v. *Williams* (1869), 30 Ind. 495; *White* v. *Redenbaugh* (1907), 41 Ind. App. 580, 82 N. E. 110; *Schneider* v. *Daniel, supra.*

Appellee has cited the case of *Cable Co.* v. *McElhoe, supra,* in support of its contention that the conditional sale contract in this action should be sustained as such, but we are of the opinion that the facts of that case are so far different from the facts of the instant case, as to render them distinguishable.    However, if this were not true, we would be compelled to hold that the settled law, as here announced, was erroneously applied to the facts involved in that case.

Appellee also contends that the evidence fails to show that the chattel mortgage through which appellant claims was ever recorded.    This contention

4.    is not sustained by the record.    Appellant introduced his mortgage on the automobile in evidence, together with the certificate of acknowledgment attached thereto, and a recital endorsed thereon, signed by the recorder of the county in which the mortgagor at the time resided, to the effect that it was received for record and recorded on July 8, 1921.    The only objection made to any of this evidence was based on the sole reason that the "mortgage and loan shown" are not between the parties to the issues in this case. Under the circumstances stated, this certificate was sufficient to establish the fact in question.    *Moore* v. *Glover* (1888), 115 Ind. 367, 16 N. E. 163.

For the reasons stated, we conclude that the court erred in the particular alleged, as it does not appear

that appellee has any interest in the automobile, which is superior to the rights of appellant, acquired through its chattel mortgage. Judgment reversed, with instructions to the trial court to sustain appellant's motion for a new trial, and for further proceedings consistent with this opinion.