PHELPS *v.* STUTZ MOTOR CAR COMPANY OF AMERICA.

[No. 13,019. Filed March 7, 1928. Rehearing denied June 29, 1928.]

*U. S. Lesh* and *R. L. Lowther,* for appellant.
*Roemler, Carter & Rust,* for appellee.

McMahan, J.—Action by appellant against appellee to recover an alleged balance due for personal services rendered under a written contract. Appellant claims he was to receive $600 per month. Appellee claims the contract provides for $250 per month, plus expenses, commissions and bonus. Appellant also sought to recover for certain expenses claimed to have been paid by him for and on behalf of appellee.

The issues were made up by a complaint in three paragraphs, the first paragraph being a common count in

assumpsit, the second and third more fully pleading the special arrangement pursuant to which the services were rendered. An answer in four paragraphs was filed, the first being a general denial, the second payment, the third a partial answer, and the fourth pleading an alleged contract in writing, a copy of which was filed with and made a part of this paragraph. A reply in denial to the second, third and fourth paragraphs of answer, and a second paragraph of reply of *non est factum* addressed to the fourth paragraph of answer closed the issues. A trial by the court resulted in a judgment in favor of appellant for $103.01, which amount was admitted to be due in the third paragraph of answer.

Appellant contends the amount of the recovery is too small and that the court erred in admitting certain evidence.

In July or August, 1925, appellant applied to appellee for a position, and about September 1 of that year, he came to Indianapolis and had a conversation with Mr. Moskovics, president of appellee. Appellee wanted appellant to visit distributors and interest them in a new car which had not yet been placed on the market, but which appellee was expecting to place on the market within a short time. Appellant was employed for that purpose at a salary of $600 a month and traveling expenses. This contract of employment was verbal. Following this employment, appellant called on distributors in different parts of the country, and, early in December, he was called to Indianapolis to attend a sales convention, when the matter of changing his contract of employment was taken up. He was told that appellee was going to assign certain eastern territory to him, and a written contract was tendered him for his approval and signature. The contract so tendered provided that appellant should be paid a monthly salary of $250, plus a certain commission on each car sold, and a

bonus for contracts entered into with dealers and distributors. It provided for the payment of appellant's traveling expenses and contained a clause under which either party could cancel the contract by giving ten days' notice. Appellant refused to sign this contract, and, when asked what was wrong with it, replied: "Two things, $250 salary, and ten days cancellation." Appellant was then referred to another one of appellee's officers, and, in describing what was said and done, appellant testified in substance as follows:

When this officer asked him what was wrong with the contract, he replied two things, being cut down to $250 a month salary and a commission basis. When told he would make more on a commission basis, he said he knew he could sell enough cars but that appellee could not produce and furnish him with the cars he could sell; that it was then arranged to give him a monthly salary of $600 until the following April, or until appellee could catch up in the production of cars, and to change the cancellation clause from ten to sixty days. Appellant left Indianapolis, and was advised that a letter would be sent to him confirming the agreement. He later received a contract in the form of a letter addressed to him and which is identical with the one that had been tendered to him for his signature, except the ten days' cancellation clause had been changed to sixty days. This contract was dated December 19, and recited that beginning January 1, 1926, appellee would employ appellant as a traveling salesman, that his salary would be $250 per month, plus commissions and bonus as first above mentioned. Appellant was also to be paid his traveling expenses. The letter so mailed to appellant closed with the following statement:

"If this meets with your approval please signify your acceptance by signing both copies of this letter and returning it to us, when our signature

will be attached and one copy of the agreement given you for your reference."

This letter was accompanied by another from appellee to appellant, also dated December 19, and omitting the date, superscription and the signature of appellee, is as follows:

"Supplementing the agreement which you signed with us, and confirming the confidential verbal arrangement, we will arrange so that during the months of January, February, March and April, any difference between the actual earnings to you under this agreement during this period and the amount of $600 a month will be advanced so that the amount you receive during that period will not be less than $600 a month. Any extra amount so used in advance of the earnings shall be later deducted from your earnings, so that the amount of compensation under this agreement shall be in accordance with the meaning and conditions of the agreement."

On or about February 19, 1926, appellant, by writing his name at the end of the first letter, accepted the proposed contract and returned it to appellee. He retained and kept in his possession the letter supplemental to the proposed agreement of employment and confirming the verbal arrangement.

On January 1, 1926, appellant began working for appellee under the arrangements made in December and which is set out in the two letters of December 19, 1925. He continued in such employment until March 3, 1926, on which day he received notice from appellee that it had exercised its right and had declared his employment at an end, and directing him to at once cease his activities in behalf of appellee, and stated that appellant's salary would be paid up to May 2. Prior to the receipt of this notice of cancellation, appellee had mailed to appellant three checks, each being in the sum of $300, for

salary. A few days later, appellant received another check for $300 for salary from February 16, to February 28. The first three checks received by him were for his salary from January 1 to February 15, inclusive. No other payments were ever made to appellant for salary, commission or bonus due him for services rendered after January 1, 1926.

The parties disagreed as to the amount of salary appellant was to be paid during the months of January, February, March and April 1926. Appellant contended that under the contract he was to be paid a salary of $600 for each of said months. Appellee contended that appellant was during that time entitled to a salary of $250 a month, plus commissions amounting to $112. There is no dispute as to appellant's expense account of $165.91. Nor is there any dispute but that he is entitled to $112 for commissions for cars sold.

The trial court sustained appellee's contention and held that, under the contract, appellant's salary was $250 a month, plus commissions aggregating $112, which, with a balance of $165.91 for expenses, aggregated $1,302.91. From this the court deducted the $1,200 which appellee had paid appellant after January 1, 1926. In this we think the court erred. The two letters bearing date of December 19, 1925, must be construed together, in order to ascertain the intention of the contracting parties. *Guaranty Savings, etc., Assn.* v. *Rutan* (1892), 6 Ind. App. 83, 33 N. E. 210. As was said in the case just cited:

"He who interprets should, as nearly as possible, put himself in the position of the parties at the time the contract was executed. He should consider the subject-matter of the agreement and the knowledge of it which the parties possessed, the objects to be accomplished and the motives which they had in dealing with each other. The whole writing should

be considered also in determining the meaning of any of its parts."

When we do this, we think it certain that it was the understanding of the parties that during the months of January, February, March and April of 1926, appellant was to be paid a salary of $600 a month.

Appellee was placing a new car on the market, and, during the last four months of 1925, had been paying appellant a monthly salary of $600. He refused to sign the contract of December 19, which was tendered to him by appellee, not because he could not sell enough cars so that the $250 salary plus his commissions on sales would amount to $600 a month, but because appellee was not yet ready to put the new car on the market and would not be able to ship them as rapidly as appellant could sell them. Appellant was married, living in Chicago, Illinois, and would probably have to move to New York or some point in the east if he accepted the contract. It is quite unlikely that, under the circumstances, appellant would sign a contract limiting his actual salary to $250 a month when he had theretofore been getting $600 a month. With appellant's refusal to sign the contract as prepared, appellee agreed if appellant would accept the contract as tendered with a sixty day cancellation clause, to advance him a sufficient amount each month so that the amount received by him during January, February, March and April would not be less than $600 a month. It is quite evident that it was the expectation of both parties that appellant would be employed for a longer period than four months, and that the money advanced was not to be deducted from the $600 monthly payments which he was to receive during the first four months following the employment, but that the deductions because of the money advanced, were to be taken from appellant's earnings subsequent to April, 1926. And we

hold that under the contract, appellant was entitled to be paid $600 a month for the first four months of 1926, less $112 for commissions on sale of cars. He is also entitled to recover $165.91 for expenses. If appellant had continued working for appellee during the month of May, he would have been entitled to $250, for salary, without any deduction on account of money advanced. Any deductions that month would have been made from his earnings by way of commissions and bonuses, and not from the $250 salary. Appellant is therefore entitled to recover three days' salary in May at the rate of $250 per month, making the total amount for which appellant is entitled to recover $1,490.01, with interest from commencement of the action.

Judgment reversed, with directions for further proceedings consistent with this opinion.

Dausman, J., absent.