Argued March 22; reversed May 15, 1934

TOMIHIRO *v.* UNITED HOTEL
CORPORATION ET AL.

(32 P. (2d) 765)

*P. L. Patterson,* of Hillsboro (A. G. Fletcher, of Portland, on the brief), for appellant.

*G. E. Hamaker,* of Portland, for respondent.

BELT, J. This is a suit to foreclose a conditional sales contract on certain furniture and fixtures in the Cascade Apartments at 37 Trinity Place, Portland, Oregon. The plaintiff alleges in his complaint that on May 20, 1931, he was the owner of said personal property and that on the above date he entered into a writ-

ten contract with the defendant United Hotel Corporation whereby he agreed to sell and the hotel corporation agreed to buy this property for the sum of $1,500. The conditional sales contract is attached to the complaint and referred to as Exhibit A. Plaintiff alleges default in payment by the United Hotel Corporation. It is also alleged that the defendant Schulmerich claims some right, title, or interest in the property, but that, whatever it may be, it is subordinate and inferior to the claim of the plaintiff.

The defendant Schulmerich admitted that he claimed an interest in the property, but denied generally the allegations of the complaint. As a further and separate defense, Schulmerich alleged that he acquired title to the property in question by virtue of a sheriff's sale held in November, 1931, for delinquent taxes levied for the years 1929, 1930 and 1931, and that ever since said sale he has been and now is in possession of such furniture and fixtures. As a further and second defense, Schulmerich alleges certain facts as a basis for equitable estoppel, but, in view of our conclusion relative to the other issues of the case, it is not deemed necessary to refer further to this defense.

Plaintiff in his reply to the first further and separate defense denied each and every allegation thereof except to admit that the personal property in question was assessed in the sum of $520; that if said property was sold by the sheriff of Multnomah county, it was at the instance and request of the defendant, Edward Schulmerich, and if the said defendant, Edward Schulmerich, undertook to buy the said property on said sheriff's sale, he did so to protect himself as a vendee in virtue of the contract referred to in plaintiff's com-

plaint and that any such sale was wholly without notice of any kind or character to the plaintiff and was arranged and brought about by the said Edward Schulmerich to obtain a pretended title to said property for the purpose of cheating and defrauding plaintiff with the full knowledge of the rights and claims of the plaintiff to said property.

The United Hotel Corporation made no appearance and is now in default.

The trial court decreed a foreclosure of the conditional sales contract as alleged in the complaint and barred the defendant Schulmerich from asserting any right, title, or interest in the property in controversy but decreed that the rights of the plaintiff were subject to the lien of said defendant for the sum of $190.23, being the amount paid to the sheriff at tax foreclosure sale. The defendant Schulmerich appeals.

■ So far as material herein, the facts out of which this controversy arose are as follows: When Schulmerich, in 1928, acquired title to the Cascade Apartments, the United Hotel Corporation was in possession of the same as a tenant. In October, 1929, the hotel company was approximately $1,800 in arrears in its rent and Schulmerich commenced an action to recover the amount due. This matter, however, was adjusted and a new lease was executed, the tenant remaining in possession until September, 1931, when it again became delinquent in payment of rent and was ousted from possession as a result of a forcible entry and detainer action. While the hotel company was in financial distress, T. Yamada, its principal stockholder, obtained a loan from plaintiff in the sum of $1,500, as evidenced by his personal unsecured notes—one for $1,000, dated October 7, 1929, and the other for $500, dated October

22, 1929. The two checks for these amounts were made by plaintiff in favor of T. Yamada. Yamada made the last payment of interest on these notes on May 7, 1931. We conclude, therefore, that the money was not loaned to the hotel company by the plaintiff. It was Yamada who advanced to the hotel corporation the money which he had borrowed from plaintiff. When the hotel company was ousted from possession in 1931 for nonpayment of rent, the notes of Yamada were unpaid and the plaintiff was demanding security. It was at this time that the conditional sales contract set forth in the complaint was executed by the United Hotel Corporation. Yamada, who had become president of the hotel company, no doubt desired to protect his fellow countrymen who had helped him in time of stress. Thus it was that the hotel company, by what is alleged to be a conditional sales contract, endeavored to give plaintiff security for payment of the personal notes of Yamada.

██ The fatal defect in plaintiff's cause of suit is that he failed to prove ownership in the property which he alleged to have sold to the United Hotel Corporation under the terms of a conditional sales contract. The contract which is attached to the complaint was not signed by the plaintiff, but was signed ''United Hotel Corporation, by T. Yamada, Pres.'', without corporate seal. As a matter of fact, the plaintiff never did acquire title to the property nor did he acquire any lien thereon by virtue of the contract set forth in the complaint. The contract above mentioned absolutely disproves plaintiff's allegations of ownership. Of course, if plaintiff was not vested with title, it would hardly be possible for him to reserve title to himself under a conditional sales contract. In a suit to foreclose a conditional sales contract, proof of ownership in the plaintiff is essen-

tial: *Standring v. Gordon,* 118 Or. 339 (246 P. 361); *Southern Finance Co. v. Mercantile Discount Corporation,* 80 Ind. App. 436 (141 N. E. 250); 55 C. J. 1200. It is fundamental that the proof must conform to the allegations of the complaint: *Ford v. Schall,* 110 Or. 21 (221 P. 1052, 222 P. 1094).

There is no merit in the contention that Schulmerich brought about the tax foreclosure sale for the purpose of defrauding plaintiff. The tax sale was a matter over which the defendant had no control. Neither is there any question about the validity of the tax proceedings.

We conclude that, under the issues, the tax title of the defendant is superior to that alleged by plaintiff and made the basis of his recovery.

It follows that the decree of the lower court is reversed and the suit of the plaintiff is dismissed. Neither party will recover costs or disbursements.

RAND, C. J., and ROSSMAN, J., concur.

KELLY, J., took no part in this decision.