<span>DAVIS v. CROW.</span>

*Per Curiam.*—The judgment is affirmed at the costs of the relator.

---

DAVIS and Others *v.* CROW.

In an action on a replevin-bond, a plea that the property replevied belongs to the plaintiff in replevin is bad.

A replication in such suit assigned as a breach of the condition of the bond, that the plaintiff in replevin did not without delay prosecute the action of replevin, but suffered a nonsuit therein, as appeared by the record, &c. *Held*, that a rejoinder of *nul tiel record* to the replication should conclude to the Court.

In an action on such bond, the plaintiff cannot recover the fees paid to his lawyer in the replevin-suit, nor compensation for his own attendance at Court in that suit, nor his lawyer's fees paid in the suit on the bond.

A constable seized some horses of *A.* on an execution against him, and delivered them to *B.* to be kept. *A.*, without satisfying the execution, tendered to *B.* the amount of the expense of keeping the horses, and demanded them. *B.* having refused to deliver the horses, *A.* replevied them, and

May Term,
1844.

DAVIS
v.
CROW.

Friday,
May 31.

afterwards suffered a nonsuit in the action of replevin. *Held*, in a suit by. *B.* against *A.* and his sureties on the replevin-bond, that the plaintiff was entitled to recover in damages a reasonable charge for the keep of the horses, and that he was not bound to receive the money tendered.

ERROR to the *Warren* Circuit Court.

DEWEY, J.—*Crow*, assignee of the sheriff of *Warren* county, sued *Davis* and his sureties in debt for the penalty of a replevin-bond, given in an action of replevin in which *Davis* was plaintiff and *Crow* defendant. The defendants craved *oyer* of the bond and condition, and spread them upon the record. The condition was in the usual form, for the prosecution of the action of replevin with effect without delay, and for a return of the property replevied should a return be awarded. The defendants pleaded three pleas; 1st, covenants performed generally; 2d, payment of the penalty of the bond; and 3d, that the property replevied belonged to *Davis*, the plaintiff in the replevin. The plaintiff replied to the first plea, denying performance of the covenants, and assigned for a breach of the condition of the bond, that *Davis* did not prosecute the action of replevin with effect without delay, but that, at a certain term of the Circuit Court, he suffered a nonsuit therein, as appeared of record, &c. Replication in denial of the plea of payment. Demurrer to the third plea. The defendants rejoined *nul tiel record* to the replication assigning the breach of the bond, and concluded to the country. Special demurrer to the rejoinder, assigning for cause that it concluded to the country instead of the Court. The demurrers to the rejoinder and to the third plea were sustained. The issue on the second plea was tried by a jury. Verdict and judgment for the plaintiff.

On the trial the plaintiff was allowed to prove, for the purpose of increasing the damages, fifteen dollars paid by him for lawyers' fees, and nine dollars for his own attendance at Court, in the replevin-suit, and fifteen dollars more for lawyers' fees in this action. And it having been proved that the property replevied, consisting principally of horses, had been taken on execution against *Davis*, and placed by the constable who took it, in the hands of the plaintiff to be taken care of, from whose possession it was replevied, he was allowed to give in evidence a claim to three dollars for the keep of the

horses, and for his trouble in taking care of the property.
The defendants objected to all this evidence. The defend-
ants offered to prove that, while the property was in the
hands of the plaintiff, as the bailee of the constable, and be-
fore the execution was satisfied, *Davis* tendered to the plain-
tiff three dollars for keeping the horses and for his trouble
about the property, which he refused to receive. This testi-
mony being objected to was excluded.

We think the two demurrers were correctly sustained.
The third plea, that the property belonged to the plaintiff in
replevin, was no answer to the action for the penalty of the
bond, nor did it meet the breach of the condition subsequent-
ly assigned, that the plaintiff in replevin failed to prosecute
his suit with effect, &c. *Sherry et al.* v. *Foresman et al.*, 6
Blackf. 56. And the rejoinder of *nul tiel record* was faulty in
concluding to the country. It should have concluded to the
Court.

The decision of the Circuit Court, in allowing the plaintiff
to give in evidence the amount of his lawyers' fees, and of
his claim for compensation for attending Court in the action
of replevin, is attempted to be justified by the statute regu-
lating proceedings in replevin. That act provides that, when
the replevin-bond is forfeited, the defendant, in an action
upon it, "shall recover such sum as shall be just and equita-
ble ; and if the plaintiff (in replevin) shall recover, he shall in
like manner recover damages for the detention of the goods
and chattels." R. S. 1838, p. 476. We do not think the
statute justified the admission of the evidence. It is certain
that the plaintiff in replevin, had he been successful, could
not have recovered in damages the amount of his lawyers'
fees, nor compensation for his own attendance on Court ; and
we do not see the justice or equity of allowing the defendant
in replevin to recover such damages, when they are forbidden
to his adversary. There is still less pretence for including the
expense of employing counsel in this cause in the damage for
a breach of the bond.

But the claim for taking care of the replevied property
stands on different ground. That claim constituted a part of
the cost of the execution on which the property was taken.
The execution-debtor, *Davis*, had no right to the possession

of the property until this cost was paid and the execution satisfied. He replevied the property, therefore, wrongfully from the possession of the plaintiff who held it as the bailee of the constable. We think he was entitled to reasonable compensation for keeping the horses and taking care of the property; and that his charge for so doing constituted a proper item of the damages for a breach of the condition of the replevin-bond.

There was no error in rejecting the evidence that *Davis* tendered to the plaintiff the amount of his charge for keeping and taking care of the property. At the time the tender was made, *Davis* had no right to make it; the execution under which the property was retained by the plaintiff as the bailee of the constable was then unsatisfied. The bailment was not terminated, and the plaintiff was bound neither to receive the tender, nor to give up possession of the property.

There was an informality in swearing the jury. They were sworn only to try the issue of payment; they should also have been sworn to inquire of the damages occasioned by the assigned breach of the bond. But as no objection was made to the jury assessing damages, the objection was perhaps waived.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*R. A. Chandler*, for the plaintiffs.

*D. Mace*, for the defendant.