*J. T. Embree*, for appellant.

*C. Denby*, for appellee.

———————◦———————

MILLER *v.* HAYS.

ARBITRATION BOND.—ATTORNEY'S FEES.—COSTS.—Suit on an arbitration
bond, in which the parties agreed to submit all matters in dispute between
them' to the arbitrament of certain persons therein named, and bound
themselves, each to the other, faithfully to abide and carry out the award
of the arbitrators.

*Held*, that the plaintiff could not recover the fees paid his attorneys for
prosecuting a suit to recover the award of the arbitrators, and for defend-
ing suits brought against him by the defendant on notes included in and
settled by the award.

*Held*, also, that in the absence of any complaint that the plaintiff did not re-
cover his proper costs in defending the suits on the notes, the presumption
is, that if the expense of procuring a transcript of the judgment on the
award became a proper item of costs in those cases, it was properly
included in the costs recovered.

APPEAL from the *Dearborn* Common Pleas.

ELLIOTT, J.—Suit by *Miller*, the appellant, against *Hays*
on an arbitration bond. The court below sustained a de-
murrer to the complaint and rendered final judgment for
costs for the defendant. Was this ruling correct? This is
the only question in the case.

The bond sued on, after reciting that the parties agreed
to submit all matters in dispute between them to the arbi-
trament of certain persons named, bound them, each to the

Miller *v.* Hays.

other, "faithfully to abide and carry out the award of said arbitrators." The complaint alleges that the arbitrators awarded in favor of the plaintiff, *Miller*, against *Hays*, the sum of $4,329. The breaches alleged are that the defendant did not abide said award, but on the contrary refused to pay the plaintiff the sum so awarded; that the plaintiff was therefore compelled to and did prosecute a suit on the award to recover the sum so awarded; that the defendant contested said suit, and when a judgment was recovered thereon against him he appealed the same to the Supreme Court, where the judgment was affirmed, and that the plaintiff was compelled to and did pay out the sum of $500 to attorneys for prosecuting said suit in the Circuit and Supreme Courts; that after the affirmation of said judgment by the Supreme Court, *Hays* brought suits on certain notes against the plaintiff that were included in and settled by said award, and the plaintiff was thereby compelled to pay out to attorneys, in defending said suits, the sum of $90, and also the sum of $75 in procuring a transcript of the proceedings and judgment on the award, to be used as evidence on the trial of the suits on said notes; for which several amounts he claims judgment.

We think the court did right in sustaining the demurrer to the complaint. We are not aware of any principle of law justifying a successful party in a suit to claim to recover of his adversary his attorney's fees, or his personal expenses in attending court. This court so held in *Comegys* v. *The State Bank*, 6 Ind. 357, and *Davis et al.* v. *Crow*, 7 Blackf. 129.

*Billingsly* v. *Dean*, 11 Ind. 331, to which we are referred by the appellant, was a suit upon a promissory note, in which it was stipulated that the maker should pay all attorney's fees and costs incurred in its collection by suit, and this court held that the attorney's fees were properly taxed to the defendant under the express stipulation in the note to that effect. That case is not in point here.

*Davis et al.* v. *Crow*, *supra*, was an action on a replevin

bond, and it was held that the plaintiff could not recover the fees paid to his attorney in defending the replevin suit, nor compensation for his own attendance at court in that suit, nor his attorney's fee paid in the suit on the bond.

We think the principle announced in that case is correct, and is decisive of the question presented in this case. There is no complaint that the plaintiff did not recover his proper costs in defending the suits on the notes referred to in the complaint, and we must presume that if the expense of procuring a transcript of the judgment on the award became a proper item of costs in those cases, it was properly included in the costs recovered.

The judgment is affirmed, with costs.

*W. S. Holman*, for appellant.

*W. W. Tilley*, for appellee.