No. 13,743.

## KELLAR ET AL. *v.* CARR.

REPLEVIN BOND.—*Action upon.*—*Complaint.*—*Defect of Parties.*—Where a complaint upon a replevin bond by one of two obligees alleges that the obligee who is not joined as plaintiff has no interest in the action, a demurrer for defect of parties plaintiff is not well taken.

SAME.—*Costs.*—*Right to Recover.*—In an action upon a replevin bond the plaintiff is entitled to recover the costs made by him and for which he became liable in the replevin proceedings, but he is not entitled to recover the costs made by the adverse party.

SAME.—*Recovery Limited by Penalty.*—The recovery upon a replevin bond can not exceed the penalty of the bond, and a judgment for more is erroneous.

From the Madison Circuit Court.

*A. Ellison,* for appellants.

*R. Lake,* for appellee.

COFFEY, J.—This was an action in the circuit court of Madison county upon a replevin bond executed in the usual form, before a justice of the peace. The breaches alleged are that the obligors in said bond failed to return the property replevied, though judgment of return had been awarded, and that said obligors failed and neglected to pay the costs in said replevin suit. The bond is made payable to the appellee and one Franklin Pence, and is in the penal sum of eighty dollars. The suit is prosecuted in the name of the appellee alone, the complaint averring that Pence has no interest in the suit.

The appellants filed a demurrer to the complaint, alleging for cause : 1st. There is a defect of parties plaintiff, in this, that Franklin Pence is a necessary party plaintiff, and should be joined. 2d. The complaint does not state facts sufficient to constitute a cause of action.

The demurrer was overruled and appellants excepted. A

trial by the court resulted in a finding and judgment for the appellee in the sum of $86.34.

The appellants assign as error : 1st. That the circuit court erred in overruling their demurrer to the complaint. 2d. That said court erred in overruling the motion for a new trial.

The first cause of demurrer assigned is, that there is a defect of parties plaintiff, in that Franklin Pence should be joined. Were it not for the allegation in the complaint that Pence has no interest in the controversy, this demurrer would be well taken, but as all suits are to be prosecuted in the name of the real party in interest, if he, in fact, has no interest in said bond, he should not be required to join and incur the expense of prosecuting a suit. As the bond, however, is made payable to him, if he has no interest in it he should have been made a party defendant, to the end that he might be estopped by the judgment rendered in said cause. But no objection is made to the complaint on account of the failure to make Pence a party defendant. We are of the opinion that the court did not err in overruling the demurrer of the appellants on account of a defect of parties plaintiff.

The complaint states a cause of action for a failure to return the property replevied, according to the conditions of the bond and the judgment of the court.

The principal reason urged for a new trial was, that the court erred in the assessment of the damages, the amount assessed being too large.

The value of the property involved in the replevin suit was ascertained, in that case, to be $27. To this sum the court added the costs in the suit in which the bond was executed. It is contended by the appellants that the costs recovered in the replevin suit are not recoverable in a suit on the bond.

Morris on Replevin (3d ed.), page 286, says, in speaking of replevin bonds : " Damages may be recovered against the sureties to the amount of the penalty in the bond for the value of the property, and for the damages found in favor

of the defendant, and for costs." See, also, *Tibbles* v. *O' Connor,* 28 Barb. 538.

In actions on replevin bonds, the damages assessed should be compensatory. By the common law, the makers of the bond were liable for the full amount of the penalty of the bond, but in case of hardship chancery frequently interposed relief. The terms upon which relief was granted were the payment of all damages and costs. Wells Replev., section 457.

Instead of recovering the full amount of the penalty in such bonds, under modern statutes the defendant recovers only such sum as will compensate him for the loss he sustains by reason of being wrongfully sued and deprived of the use of his property. Such recovery, in our opinion, should include the costs he was compelled to expend in and about his defence of the suit, and the taxation of which has been made pursuant to the judgment of the court. This is, in fact, a part of his damages recovered in the action. But the defendant in such case is not entitled to recover judgment for the costs made by the plaintiff. He is entitled to recover only such costs as he made and for the payment of which he became liable. In this case it appears that the appellee recovered all the costs in the replevin suit. This was error. Furthermore, the penalty in the bond is $80 only, while the judgment is $86.34. The recovery could not exceed the penalty in the bond. Morris Replev. (3d ed.), p. 289. The motion for a new trial should have been sustained.

Judgment reversed, at the costs of the appellee, with instructions to grant a new trial, and for further proceedings not inconsistent with this opinion.

Filed May 18, 1889.