# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1891, IN THE SEVENTY-FIFTH
YEAR OF THE STATE.

---

No. 230.

## THE CONSOLIDATED TANK LINE COMPANY v. BRONSON.

REPLEVIN BOND.—*Action Upon.—Nominal Damages, When only Recoverable.*
—*Levy Upon Mortgaged Property.—Replevin of by Mortgagee.—Failure of Mort-
gagee to Relieve Property.—Attorney's Fee.*—A. executed a chattel mortgage
to B. to secure the payment of certain promissory notes. The notes not
being paid at maturity, A. delivered the mortgaged property to B. at an
agreed valuation, which was its fair cash value, and which left a
balance still due and unpaid. D. thereafter obtained a judgment against
A., and levied upon a portion of the property which had been delivered
to B. B. replevied the property, giving the usual replevin bond. In
the trial of the replevin case, return of the property was adjudged to D.
B. did not return the property, but sold it, receiving therefor its fair cash
value, which was less than the balance due to him from A.

*Held*, in an action by D. on the replevin bond, that the right to the posses-
sion of the property only, and not the title, having been in issue in
the replevin suit, B. might prove in mitigation of damages, for his fail-
ure to return the property, that he held a valid, unsatisfied, and prior
chattel mortgage lien on the property.

*Held*, also, that the plaintiff was not entitled to recover from the defend-
ant his attorney's fee in the replevin suit.

The Consolidated Tank Line Company v. Bronson.

*Held*, also, that the mortgagor's equity of redemption in the property mortgaged by him to B., being less than the amount yet unpaid on the mortgage indebtedness, D. could only recover nominal damages against B.

REPLEVIN.— *What Judgment in Determines.— When Title Not in Issue.—Presumption.*—The action of replevin is primarily possessory in its character, and unless the title to property is distinctively put in issue, a judgment in such action determines nothing beyond the right of possession. Where it is not shown by the record that the title was in issue, the presumption will be that it was not in issue.

From the Vigo Circuit Court.

*W. W. Rumsey*, for appellant.

*M. Hollinger, S. B. Davis* and *G. M. Davis*, for appellee.

NEW, C. J.—This was a suit in the Circuit Court by the appellant against the appellee upon a replevin bond. From an agreed statement of facts, submitted by the parties to the court below, as evidence upon the trial of the case, it appears that on the 21st day of February, 1887, Harlan A. Prichett executed to the appellee a chattel mortgage to secure the payment of two promissory notes executed by said Prichett as principal, and by the appellee as security, to one Peter J. Kaufman.

The property mortgaged consisted of horses, tank coal-oil wagons, harness, pumps, and implements used in coal-oil delivery. The mortgage provided that upon the failure of Prichett to pay the notes when due the appellee was to take possession of the property, and have full ownership of it without notice or demand.

The notes became due March 1, 1888, amounting, with interest, to $1,451.52, and Prichett, not paying the same, delivered the property to the appellee, at an agreed valuation of $1,220.94, which was its fair cash value, and which left a balance unsatisfied of $230.58. There were no proceedings for foreclosure of the property.

On the 17th day of May, 1888, the appellant obtained judgment against said Prichett, before a justice of the peace, for $146.25, and costs. Execution was issued on the judg-

ment, and levied by the constable May 19th, 1888, on a part of said property, to wit : One black horse, one set of harness, and one tank coal-oil wagon, then in the possession of said Prichett, he having been employed by the appellee as his servant and agent, to use the same in the business of selling and delivering coal-oil.

The constable, being about to sell said property on said execution, the appellee brought suit against the appellant and the constable, in the circuit court, to recover the possession of said property, and upon the execution of a bond in all respects as required by law, the possession of said property was, by the sheriff, given to the appellee.

The cause, in replevin, was tried by the court, a special finding of facts being made, with conclusions of law, in favor of the appellant. The judgment of the court was as follows :

"It is therefore considered and adjudged by the court, that the plaintiff take nothing by this action ; that the property set out in the complaint, to wit: One black horse, one single set of harness, one tank coal-oil wagon, all of the value of $150, now in the possession of the plaintiff, be returned to the defendants within five days herefrom, and that the defendants recover of the plaintiff their costs herein, taxed at ———— dollars."

The appellee did not return the property, but retained and sold it ; the black horse for $90, the harness for $10, and the tank coal-oil wagon for $75 ; in all $175, which was the fair cash value of the same.

At the time of the rendition of the judgment in the replevin suit there was still due from Prichett on the notes and mortgage $235.55, over the full value of all the property embraced in the mortgage.

The appellee failing to return the replevied property, as ordered by the court, the appellant brings this action on the replevin bond, asking judgment for $180, twenty-five dollars of which is claimed as attorney's fee in the replevin suit.

The breach of the undertaking assigned in the complaint is that the appellee failed to prosecute the replevin suit to effect, and also failed to return the property, as ordered by the court.

We do not deem it necessary to set out the complaint.

The appellee answered in one paragraph, admitting the execution of the bond, and setting up the facts we have already recited relative to the notes, mortgage, taking possession of the mortgaged property, its value, the sale by him of all of it, except three wagons and three sets of harness, the property so sold including the $175 already named, bringing $965.94, and that being its full value ; that said sum of $965.94 had been credited on said mortgage indebtedness, and that there remains due and unpaid thereon $485.58; that the remainder of the mortgaged property is in the possession of the appellee, unsold for want of buyers, and is not worth more than $250, which would leave still unpaid upon the notes and mortgage the sum of $235.58.

In conclusion, the answer says that the failure to return the replevied property was without damage to the plaintiff, and that the latter is entitled to recover nominal damages only.

The appellant replied in two paragraphs, the first being a general denial, and the second little, if anything, more than a repetition of the averments in the complaint.

The court overruled a demurrer to the answer, and struck out the second paragraph of the reply, the appellant reserving exceptions on each ruling.

The cause was then submitted to the court upon the agreed statement of facts,—the evidence in the case,—and the court found for the appellant, assessing his damages at one cent, which was followed by a like judgment.

A motion, by the appellant, for a new trial was overruled, and exception taken.

For error the appellant has assigned :

1. The overruling of his demurrer to the answer.

2. The striking out of the second paragraph of the reply.

3. The overruling of the motion for a new trial.

The appellee contends that although he did not obey the order of the court and return the property which he had replevied, he may, nevertheless, in this action prove in mitigation of damages that he held an unsatisfied chattel mortgage on said property, the lien of which was older than the lien acquired by the appellant's execution.

On the part of the appellant it is insisted that the finding and judgment in the replevin suit precludes the appellee from availing himself of the benefit of the unpaid chattel mortgage.

If, upon the pleadings, the ownership of the property, as well as the right of possession, had been in issue in the replevin suit, and it had been found that the appellant was the absolute owner, then beyond doubt the value of the property, as found and fixed by the court, would have been the appellant's measure of damages. That is to say, if the property belonged to him his damages would be according to its value, and the judgment of the court, in that event, would be conclusive as to value, as well as ownership.

If, however, the title to the property was not in issue, but the right to the possession only, the appellee had the right, we think, in the present action, to prove under his answer, which is not in bar, but in mitigation, that he held a valid, unsatisfied and prior chattel mortgage lien on the property. *McFadden* v. *Ross*, 108 Ind. 512; *Geisendorff* v. *Eagles*, 70 Ind. 418; *Hartman* v. *Ringgenberg*, 119 Ind. 72; *Ringgenberg* v. *Hartman*, 124 Ind. 186.

Primarily, the action of replevin is possessory in its character, and, unless the title to property is distinctively put in issue, a judgment in such action determines nothing beyond the right of possession. *McFadden* v. *Ross, supra; Van Gorder* v. *Smith*, 99 Ind. 404; *Entsminger* v. *Jackson*, 73 Ind. 144; *Kramer* v. *Matthews*, 68 Ind. 172 (176); *Highnote* v. *White*, 67 Ind. 596.

It is not shown by the record that the title was in issue in the replevin suit, and in the absence of such showing the presumption will be that the title to the property was not in issue.    *Hartman* v. *Ringgenberg, supra.*

It would be impossible to find, upon the agreed statement of facts set out in the record, that the title to the replevied property was in the appellant. The most that he could claim would be that the appellee was not entitled to the possession as against the levy made by the constable, and that, therefore, the court should, as it did, adjudge that the property so levied on be returned to the appellant.

Indeed, we think it may be said to be apparent from the record before us, that no question of title was determined in that case, and certainly not in favor of the appellant; and if not, then the value of the property, as found by the court, would not necessarily be the measure of the appellant's damages.

In section 722 of the code, it is provided that "Goods and chattels pledged, assigned, or mortgaged as security for any debt or contract may be levied upon, and sold on execution against the person making the pledge, assignment, or mortgage, subject thereto, and the purchaser shall be entitled to the possession upon complying with the conditions of the pledge, assignment, or mortgage."

Under this statute it is the interest only of the mortgagor, that is, the equity of redemption in the goods and chattels mortgaged, that is liable to levy and sale on execution against the mortgagor. This must be so, because the levy is subject to the mortgage, and the purchaser will not be entitled to possession until he complies with the terms of the mortgage.

If, therefore, the equity of redemption of Prichett in the property mortgaged by him to the appellee be less than the amount yet unpaid on the mortgage indebtedness, it would seem to follow that the appellant could not recover more than nominal damages.

It having been agreed between the parties, for the purposes of the trial, that there was still due upon the notes and mortgage $235.55 over the full value of the mortgaged property, and it having been agreed, in terms, that the equity of redemption of all of said property was of no value, the court was compelled to treat the equity of redemption as valueless, and allow the appellant nominal damages only.

The court did not err in not adding a fee for the appellant's attorney. *Davis* v. *Crow,* 7 Blackf. 129.

There was no error committed by the court in the formation of the issues, nor in overruling the appellant's motion for a new trial.

The judgment is affirmed, with costs.

Filed June 12, 1891.