GUARANTY DISCOUNT CORPORATION *v.* BOWERS.

[No. 12,919. Filed October 7, 1927. Rehearing denied November 17, 1927. Transfer denied May 12, 1932.]

*Samuel J. Mantel* and *Harker & Irwin*, for appellant.
*William Robison*, for appellee.

REMY, J.—On November 19, 1925, James F. Chapman, a retail automobile dealer, entered into a written contract with William D. Sherfick, an employee, by the terms of which Sherfick purchased of Chapman a certain automobile at the price of $1,745.25, to be paid, $495 cash, remainder in three installments, payable one, two and three months after date; the first two installments to be $50 each, the third $1,150.25. As evidence of the amount to become due under the contract, but not as payment, Sherfick executed and delivered to Chapman his promissory note for $1,250.25, the aggregate of the three installments. As a part of the contract, Sherfick acknowledged receipt of the automobile, title to which was to remain in Chapman until consideration was fully paid. Sherfick, however, made no application to the Secretary of State for a certificate of title to the car, as required by the act of March 11, 1921 (Acts 1921 p. 821, §§10110-10124 Burns 1926), and, therefore, received from such officer no certificate of title or registration certificate. On the same day that the conditional sale contract was executed by the parties, Chapman sold and assigned the note and contract to appellant Guaranty Discount Corporation, receiving therefor $1,200. At the time appellant purchased the note and contract, Chapman delivered to appellant his signed statement that the automobile had been "actually delivered to and accepted by the purchaser"; and, in his assignment, Chapman specifically stated that he assigned to appellant the property described in the contract and "all his right, title and interest therein." At the same time, and as a part of the transaction, Chapman delivered to appellant a written statement, signed by Sherfick, which was described as the "buyer's state-

ment," in which Sherfick stated that he would not "give up possession of the property," and that the car which had been purchased by him "for his business and pleasure" was "usually kept in a private or public garage." At the time it purchased the note and contract, appellant did not require that Sherfick procure a certificate of title issued by the Secretary of State, and took no steps to inform itself as to whether there had been a compliance with the statute. Sherfick paid no part of the consideration, did not, in fact, take possession of the car which, without appellant's knowledge, remained, as before, in the salesroom of Chapman; and three weeks later, on December 10, 1925, was sold by Chapman to Bowers, appellee herein, who, without knowledge of the previous contract of sale and the assignment thereof, paid cash therefor the sum of $850, and traded in an old car at a valuation of $375. Thereafter, the first two installments of $50 each of the price fixed by the Sherfick contract were paid to appellant by Chapman, the third installment of $1,150.25 was not paid when due, and appellant then learned for the first time that the automobile had not been delivered to Sherfick and that it had been sold to Bowers. Thereupon, Chapman being insolvent, appellant began this action against Bowers to replevy the car. On the trial, the facts as above set forth having been established by the evidence, there was a verdict and judgment for appellee.

The sole question for determination is: Under the above facts, which are not in dispute, who had the superior title to the automobile, appellant Guaranty Discount Corporation or appellee Bowers?

It is elementary, in replevin, that plaintiff claiming title must rely upon the strength of his own title and not upon the weakness or lack of title in his adversary. *Aultman & Co.* v. *Forgey* (1894), 10 Ind. App. 397, 401, 36 N. E. 939; *Kennedy* v.

*Shaw* (1872), 38 Ind. 474, 476; *Branch* v. *Wiseman* (1875), 51 Ind. 1. See, also, *Towne* v. *Sparks* (1888), 23 Nebr. 142, 36 N. W. 375; Cobbey, Replevin, §753; 1 Watson's Works' Prac., §569.

It appears that appellant, in entire good faith, purchased the Sherfick note and contract, receiving from Chapman an assignment thereof, and, as a part of the transaction, Chapman assigned to appellant the title to the machine which, in his contract with Sherfick, had been retained. On the other hand, appellee, in good faith, purchased the car, which was at the time on display as a new car in Chapman's salesroom. Appellant paid $1,200, Bowers $1,225. Which must lose?

It is urged by appellant that its purchase of the Sherfick contract and Chapman's interest in the car was first in point of time, and that, on December 10, 1925, the time of the transaction with Bowers, Chapman had no interest in the machine; that he could not and did not transfer title to Bowers. It is, of course, a settled general rule that one cannot transfer to another a better title than he has. It is equally well settled that where the owner of a chattel, after he has sold it to one person, wrongfully sells and delivers it to another, the first purchaser is estopped to question the second purchaser's right to the property if the second transaction was made possible by reason of the fraud or negligence of the person to whom the first sale was made. As is well stated by a noted text writer: "A priority which would otherwise have existed may also be disturbed and defeated by fraud or negligence in obtaining the interest or in failing to secure it properly. It is therefore a settled doctrine, that among successive equities otherwise equal, and also between a legal title or a superior equitable interest earlier in time and a subsequent equity, the holder of the interest which is prior in time and would be prior in right may lose his pre-

cedence, and be postponed to the subsequent one by his own fraud or negligence, or that of his agent." 2 Pomeroy, Equitable Jurisdiction (4th ed.) 1492. In the case of *Fisher* v. *Knox* (1850), 13 Pa. St. 622, 53 Am. Dec. 503, the court, in the course of its opinion, said: "The rule therefore is, that unless there has been supineness on the other side, negligence in the enjoyment of property or the exercise of a right is a cause of redress in equity and at law." See, also, *Judson* v. *Corcoran* (1854), 58 U. S. 612, 15 L. Ed. 231.

It is apparent, in the case at bar, that the transaction with Sherfick was not a good faith sale; it was the means adopted by the dealer to induce appellant finance company to advance money on the machine. Clearly, it was the intention of Chapman and Sherfick that the car should remain on display in the salesroom as Chapman's property, and be offered for sale as other new cars, and that it be sold by Chapman, as it was, at the first opportunity. There is no evidence that appellant knew of the character of the Sherfick transaction; if it had, and had been aware that the car was to remain with Chapman to be commingled with other new cars and offered for sale, then, as between it and Bowers, who purchased the car without notice of appellant's interest therein, the loss resulting from Chapman's fraud would necessarily have fallen upon appellant who had negligently left the car in control of the dealer to be offered for sale to the public. *Gump Investment Co.* v. *Jackson* (1925), 142 Va. 190, 128 S. E. 506, 47 A. L. R. 82.

Although appellant had no notice that the car was being kept in the dealer's salesroom and was being offered for sale as a new car, nevertheless, its failure, at the time it took the assignment of the contract, to require a compliance with the certificate of title act, made possible the fraud of the dealer in negotiating the second sale. The statute provides

that no certificate of registration of any motor vehicle shall be furnished by the Secretary of State unless the applicant therefor shall have applied for, and received from, the Secretary of State, a certificate of title containing a description and other evidence of identification of the vehicle; and that in the event of the sale or transfer of ownership of the vehicle, for which an original certificate has been issued, "the original holder of such certificate shall endorse on the back of the same an assignment thereof, with warranty of title, in a form printed thereon, with a statement of all liens or encumbrances on said motor vehicle, and deliver the same to the purchaser or transferee at the time of the delivery to him of such motor vehicle" (Acts 1921, p. 821). It is further provided that, before the owner of an automobile may operate the same upon the public highways of the state, he must display in the driver's compartment of the machine his receipt of registration. The violation of the act is made a penal offense. With this statute Sherfick failed to comply, and, when appellant purchased the note and contract, it negligently failed to require of Sherfick that he comply with the statute. The law was enacted for the protection of the owners of motor vehicles, of those holding liens thereon and of the public. When appellant purchased the contract, knowing that under the terms thereof, Sherfick, as owner of the equitable title, was to have possession of the car, it, for its own protection and for the protection of any one who might purchase the car, should have seen to it that there was a compliance with the law; having failed so to do, it thereby made possible the fraudulent sale; for if Sherfick had complied with the statute, then, upon a sale of the car, he, as the original holder of the certificate of title, would have been required by the statute to assign the certificate by endorsement, with a statement of all liens.

It follows that, as between appellant and appellee, the latter had the superior title.

Affirmed.