ABELS ET AL. *v.* NATIONAL BOND AND INVESTMENT CO.

[No. 15,614. Filed March 29, 1938. Rehearing denied
June 29, 1938.]

*Clyde P. Miller,* for appellants.

*G. D. Redding,* for appellee.

LAYMON, C. J.—Appellee, a finance company of Chicago, Ill., engaged in the business of purchasing commercial paper, conditional sale contracts, etc., brought this action to replevin an automobile from appellants, who asserted ownership thereof by reason of having been bone fide purchasers for value, without notice of the claim of appellee.

The issues consisted of a complaint in one paragraph, an answer in general denial, and a second paragraph of answer alleging that appellants purchased the automobile for a valuable consideration and without any notice or knowledge of any claim of the appellee. A trial by the court without a jury resulted in a finding and judgment for appellee; that it is the owner and entitled to

immediate possession of the car, damages in the sum of $1, and judgment in the sum of $1,000 in the event of the failure of appellants to deliver the car to appellee.

In due time appellants filed their motion for a new trial which was overruled. Appellants then perfected this appeal, assigning as error the ruling on said motion, the grounds of which are: (1) That the finding of the court is not sustained by sufficient evidence; (2) that the finding of the court is contrary to law; and (3) that since the trial of said cause new, competent, and material evidence has been discovered to the effect that appellee's claim had been satisfied; that such evidence could not, with reasonable diligence, have been produced at the trial of the cause.

The facts of this case, so far as here involved, as they appear by the evidence, are, in substance, as follows: Appellee is an Illinois corporation located at Chicago, engaged in purchasing commercial paper, conditional sale contracts, etc. Steckhan Motor Sales is a Dodge-Plymouth dealer in Chicago. On July 30, 1934, appellee purchased from Steckhan Motor Sales a conditional sale contract on a 1934 Cadillac automobile for the sum of $1,700. The contract referred to R. F. Steckhan as purchaser and Steckhan Motor Sales as dealer and provided, among other things, that the title of the car was to remain in the seller and should not pass to the purchaser until all of the instalments of the note evidencing the unpaid balance of the purchase price had been paid; that upon failure to pay any of such instalments the seller should be entitled to the immediate possession of the car. After the sale was consummated, the purchaser, R. F. Steckhan, took possession of the car. The purchase price of the car was $3,370.80, of which $1,470 had been paid, leaving a balance of $1,900.80 to be paid in 12 equal monthly instalments evidenced by notes and a conditional sale contract. Steckhan made one pay-

ment on said car, leaving a balance in default in the amount of $1,742.40. On November 7, 1934, Edward A. Schaedel made application for an Indiana title to the car in question. This application was accompanied by a certificate of title of the state of Illinois dated August 23, 1934, issued to the Southern Motor Sales, Inc., assigned on August 24, 1934, to Steckhan Motor Sales, Chicago, and reassigned on October 5, 1934, to Edward A. Schaedel, 7634 St. Lawrence, Chicago. Upon this application an Indiana title was issued upon the car in question to Edward A. Schaedel, 1358 S. Harding St., Indianapolis. The application, the Illinois title, the assignment and reassignment each recited that there were no liens, mortgages, or conditional sale contracts on said car. Also, the Indiana title which was issued to Schaedel disclosed no liens, mortgages, or conditional sale contracts. The Indiana title was thereupon assigned by Schaedel to appellants on the 7th day of November, 1934. The appellants were at the time engaged in the sale and exchange of used cars. Appellant Fink testified that on November 7, 1934, he traded with Schaedel for the Cadillac car in question which Schaedel then had, by giving in exchange two other automobiles and cash in the amount of $1,200; that appellants had no knowledge of any lien, claim, or encumbrance on the car and did not purchase the car from Steckhan Motor Sales; that while bringing the car from Chicago to Indianapolis Schaedel had a wreck wherein the car was damaged and left in the city of Lafayette; that on November 12, 1934, appellants made claim from the insurance carrier for loss sustained to the car by reason of this wreck, and, in writing, in support of the claim stated:

"On November 3rd 1934 I Ralph Fink purchased a 1934 Cadillac Sedan bearing motor No. 3101087 from the Steckhan Motor Sales 6050 Cottage Grove Ave Chicago Ill at a purchase price $1700.00 trading in two cars a 33-91 Buick Sedan and a 30 Pack-

ard Deluxe Sedan at an allowance of $1000.00 and $700.00 cash by check.

"After the purchase was completed I made arrangements with Mr Edward A. Schaedel manager of the Steckhan Motor Sales to drive the car to Indpls Ind.

"It was agreed and understood that the car was sold to us F.O.B. Chicago Ill. at which address it became our property.

"Mr. Schaedel left Chicago Ill with the car sometime the evening of November 3rd 1934 the accident occurring sometime during the night of November 3rd the exact hour I do not know.

"The Illinois Title was assigned to Edward Schaedel in order that we could secure an Indiana title. However, the car became our property when the transaction was consumated on November 3rd 1934 F.O.B. Chicago.

"No. 2. I have read the above which is true to the best of my knowledge."

The claim was not paid and was afterwards withdrawn. Appellant Abels testified that the car was purchased from Schaedel in Indianapolis. The Illinois statute then in force dealing with registration and certificates of title upon motor vehicles was introduced into evidence.

It is under the above facts that appellants assert a superior title to the automobile.

The Illinois statute relative to the recording of conditional sale contracts and pertaining to the registration and issuance of certificates of title to motor vehicles, in so far as is pertinent here, is similar to our statute. The statutes of both states give way to the general proposition that the rights of the assignee of a conditional sale contract prior in time are superior to those of an innocent purchaser for value from either the original assignor or his vendee—when no principle of equity intervenes. Generally the assignee of the conditional sale contract precedent in date has the superior title to that of a purchaser without notice. Such prior-

ity may be defeated, however, by fraud or negligence in obtaining the assignment of the contract or in failing to secure the contract properly. In the case of *Guaranty Discount Corp.* v. *Bowers* (1927), 94 Ind. App. 373, 376, 158 N. E. 231, this court quoted with approval the following statement by a noted text writer: "A priority which would otherwise have existed may also be disturbed and defeated by fraud or negligence in obtaining the interest or in failing to secure it properly. It is therefore a settled doctrine, that among successive equities otherwise equal, and also between a legal title or a superior equitable interest earlier in time and a subsequent equity, the holder of the interest which is prior in time and would be prior in right may lose his precedence, and be postponed to the subsequent one by his own fraud or negligence, or that of his agent. 2 Pomeroy, Equitable Jurisdiction (4th ed.) 1492." The court then cited the case of *Fisher* v. *Knox* (1850), 13 Pa. St. 622, 53 Am. Dec. 503, quoting as follows (p. 377) : " 'The rule therefore is, that unless there has been supineness on the other side, negligence in the enjoyment of property or the exercise of a right is a cause of redress in equity and at law.' See, also, *Judson* v. *Corcoran* (1854), 58 U. S. 612, 15 L. Ed. 231."

Appellants contend that their title is superior to that of the appellee and that equity should intervene because of negligence on the part of appellee in failing to secure properly its title to the property in question in two particulars: First, by permitting Steckhan to retain the car after default in payment of the notes, making it possible for appellee's assignor to commit fraud; second, in failing to exact from the assignor a compliance with the certificate of title act of Illinois, thereby making it possible for appellee's assignor to commit fraud in negotiating the sale to appellants.

It must be noted that before appellants can properly

contend for the equitable rule they must establish by proof that they were purchasers in good faith for value and without notice of any adverse claim or interest. The evidence relative to the sale of the car to appellants is conflicting, first, as to whether the car was purchased in Chicago or Indianapolis and, second, as to whether it was purchased from Steckhan or from Schaedel. Furthermore, the evidence discloses without dispute that an Illinois certificate of title was issued for said car to Southern Motor Sales, Inc., on August 23, 1934, assigned to Steckhan Motor Sales on August 24, 1934, and reassigned to Schaedel on October 5, 1934, all of which facts were disclosed by the Illinois certificate of title which Schaedel brought to appellants at Indianapolis on November 7, 1934.

Appellants have cited the case of *Guaranty Discount Corp.* v. *Bowers, supra,* and urge that the instant case should be decided upon the authority of that case. Upon a careful analysis, however, it appears that the facts in the Guaranty case which influenced the court in its result there reached are somewhat different from the facts in the case at bar. There the seller secured from his employee the finance paper on a new automobile which was on display on his salesroom floor. The paper was then sold to the finance company, and the car was left on display in the salesroom, without a title having been issued therefor, and offered for sale as were other new cars.

Under the evidence as disclosed by the record in the instant case, we think that it was sufficient to warrant the trial court in concluding that appellee's title to the car in question was superior to that of appellants.

Appellants attempted to secure a new trial upon alleged newly discovered evidence. All of the evidence which appellants state to be newly discovered existed at the time of the trial and could have been produced by

the exercise of due diligence which a litigant is required to use in the preparation of the trial of a cause.

We conclude that no error has been shown in the ruling on the motion for a new trial. Judgment affirmed.

Kime, J., not participating.