SUPERIOR FINANCE CO., INC. v. THE AMERICAN SECURITY CO. OF INDIANA, INC., ET AL.

[No. 16,261. Filed February 13, 1940.]

*Forrest E. Jump,* for appellant.

*McClure & Shenk* and *Jesse W. Calhoun,* for appellees.

DUDINE, J.—This is an action instituted by appellee, The American Security Company of Indiana, Inc., against appellee, Lewis E. Maddox, and against appellant, Superior Finance Company, Inc., to recover on a promissory note executed by appellee Maddox and made payable to appellee The American Security Company of Indiana, Inc. the payment of which note was secured by a mortgage of an automobile. The action also sought to foreclose said chattel mortgage. The complaint alleged that the automobile "passed from the hands of the defendant, Lewis E. Maddox, into the hands of Superior Finance Company, Inc. because of some asserted lien or title therein; . . . (and the complaint further alleged) that any lien or title claimed by the defendant, Superior Finance Company, Inc., is inferior and junior to the mortgage of this plaintiff, but that Superior Finance Company, Inc. is made a party to this complaint to answer as to any interest it may have in the subject matter herein. . . ."

The pleadings are not challenged upon appeal and it would serve no good purpose to discuss them.

The issues having been closed the cause was submitted to the court for trial without a jury and the court found, adjudged and decreed that appellee, The American Security Company of Indiana, Inc., should recover $245.87 on said note, that said mortgage is a lien on said automobile which lien is prior to the claim of appellant, Superior Finance Company, Inc., that said mortgage should be foreclosed and that the automobile be sold, as personal property is sold upon execution, to satisfy such judgment.

Appellant Superior Finance Company, Inc. duly filed a separate motion for new trial, which was overruled, and thereafter it perfected this appeal from said judgment. The sole error assigned upon appeal is claimed error in overruling said motion for new

trial. The grounds for new trial which are presented upon appeal are: 1. The decision is contrary to law; 2. The decision is not sustained by sufficient evidence.

Hereinafter the word "appellee" shall refer to appellee The American Security Company of Indiana. Inc. and not to appellee Maddox.

There is no material dispute in the evidence. It shows that on January 7, 1937 Maddox purchased the automobile from H. E. McGonigal, Inc., a dealer. The purchase was evidenced by a conditional sales contract which showed part payment in cash and provided that title to the automobile was to remain in the seller (dealer) until the full amount of the purchase price was paid. On the date of the sale the dealer's agent brought the contract and the dealer's certificate of title (to the automobile) to appellant, Superior Finance Company, Inc., for the purpose of selling and assigning the contract to appellant. The certificate of title was in due form as required by statute, showed assignment of title to Maddox, but in the space provided on the back thereof to show outstanding liens, if any, the word "none" was inserted. Appellant's agent noticed the word "none" inserted as aforesaid. He prepared a "rider" which showed that the dealer retained a lien against the automobile, and the "rider" signed and duly acknowledged by the dealer, and appellant's agent attached the "rider" to the certificate of title either with glue or a staple or a clip, and delivered the certificate of title, with the "rider" so attached, to Maddox. Appellant purchased the contract from the dealer and Maddox was given possession of the automobile.

On February 12, 1937 Maddox acquired from the Motor Vehicles Department of Indiana a certificate of title to the automobile issued in his name showing no liens outstanding.

On June 26, 1937 Maddox borrowed $220.00 from appellee, The American Security Company of Indiana, Inc., and executed the note and mortgage in suit as evidence thereof. Maddox's said certificate of title was exhibited to appellee at the time said loan was made. The American Security Company of Indiana, Inc. did not know that there were any liens outstanding against the automobile when they made the loan.

Maddox retained possession of the automobile from January 7, 1937, the date of purchase, until August 10, 1937 when appellant, Superior Finance Company, Inc. "repossessed" it by simply taking it in off the street without any legal process.

Appellant contends in effect that Maddox, having acquired only an equitable interest in the automobile, and legal title thereto having been retained in the seller and thereafter assigned to appellant, he (Maddox) could not, by executing the mortgage to appellee, convey to appellee a lien against the automobile which is stronger than the equitable interest which he had acquired, and which lien is superior to appellant's claim. That is the principal question involved in this appeal.

In *Guaranty Discount Corporation* v. *Bowers* (1932), 94 Ind. App 373, 375, 158 N. E. 231, this court said: "It is elementary, *in replevin,* that plaintiff claiming title must rely upon the strength of his own title and not upon the weakness or lack of title in his adversary . . . . one cannot transfer to another a better title than he has. It is equally well settled that where the owner of a chattel, after he has sold it to one person, wrongfully sells and delivers it to another, the first purchaser is estopped to question the second purchaser's right to the property if the second transaction was made possible by reason of the fraud or *negligence* of the person to whom the first sale was

made." (Our italics). This court then quotes with approval from 2 Pomeroy Equitable Jurisprudence (4th Ed.) 1492, as follows:

"A priority which would otherwise have existed may also be disturbed and defeated by fraud and *negligence* in obtaining the interest or *in failing to seek it properly*. It is therefore a settled doctrine, that among successive equities otherwise equal, *and also between a legal title* or a superior equitable interest earlier in time and *a subsequent equity,* the holder of the interest which is prior in time and would be prior in right may lose his precedence, and be postponed to the subsequent one by his own fraud or *negligence* or that of his agent." (Our italics).

In that case Guaranty Discount Corporation had purchased an automobile conditional sales contract from a dealer. The vendee (named in the contract) of the automobile failed to apply for or secure a certificate of title. Thereafter the dealer sold the automobile to Bowers who had no notice of the former transaction. Bowers secured judgment *in replevin* against Guaranty Discount Corporation. Upon appeal from that judgment this court said that Guaranty Discount Corporation "for its own protection, and for the protection of anyone who might purchase the car, should have seen to it that there was a compliance with the law; having failed so to do, it thereby made possible the fraudulent sale; .... it follows that as between appellant (Guaranty Discount Corporation) and appellee (Bowers) the latter had the superior title."

We have noted the difference between that case and the instant case with respect to the nature of the respective proceedings and the difference in fact in the two cases; the principles of law applied in that case are, however, applicable and controlling in the in-

stant case. Having applied said principles of law to the instant case, it is our conclusion that appellant, Superior Finance Company, Inc., having delivered to Maddox the dealer's certificate of title duly assigned, without inserting on the back thereof, in the space provided therefor, the lien which it (appellant) purchased from the dealer, appellant thereby made possible the loan from appellee; because if appellant had required said lien to be inserted, as provided by statute, the certificate of title which was issued to Maddox by the Motor Vehicles Department of Indiana would have shown such lien and would have constituted notice thereof to appellee. It follows therefore that as between appellant, Superior Finance Company, Inc., and appellee, The American Security Company of Indiana, Inc., the latter has the superior claim to the automobile.

Appellant contends that the instant case "coincides with *Abels et al.* v. *National Bond and Investment Company* (1938), 105 Ind. App. 434, 13 N. E. (2d) 903, in point of facts" and that therefore said decision is controlling here. We deem it sufficient to say with reference to such contention that said decision of this court is based upon the failure of Abels et al. (the holders of the subsequent claim to an automobile) to satisfactorily "establish by proof that they were purchasers in good faith for value and without notice of any adverse claim or interest."

Judgment affirmed.