MANLOVE *v.* MAGGART ET AL.

[No. 16,818. Filed May 8, 1942.]

*Wesley W. Ratliff*, of Knightstown, for appellant.

*Chester M. DeWitt*, of New Castle, for appellees.

STEVENSON, J.—This was an action in replevin brought by the appellant against the appellees to recover the possession of certain articles of household furnishings, which consisted of a dining room suite.

The complaint was in one paragraph, to which an answer in general denial was filed. The case was submitted to a jury for trial, and, at the close of all the evidence, the jury returned a verdict for the appellees. Judgment was rendered on the verdict. A motion for new trial was filed and overruled, and this appeal has been perfected. The only error assigned on appeal is the alleged error in overruling the appellant's motion for a new trial. Under this error, the appellant contends that the verdict of the jury is not sustained by sufficient evidence.

The appellant relies upon a conditional sales note to establish his title and right of possession in the property described. This conditional sales note was offered in evidence, and reads as follows:

"Conditional Sale Note                    Aug. 1 1936.
"Ninety days after date, we promise to pay to the order of Omer S. Manlove,
One Hundred Fifty_____no/100 Dollars

Negotiable and payable at Omer S. Manlove's home, 2920 N. Cap. Ave. Indianapolis, Ind.

With interest at the rate of 6 per cent, per annum, from date, and attorney's fees. For value received without any relief from Valuation or Appraisement Laws. The drawers and endorsers severally waive presentation for payment, protest, or notice of protest and non-payment of this note. The express condition of the sale and purchase of one eleven piece mahogany dining room suite of eleven pieces, china closet, buffet, table, 6 chairs, one serving table and coffee table, for which this note is given, is such that the title and ownership of the above described property does not pass from said Omer S. Manlove, 2920 N. Cap. Ave., Indianapolis, Ind. until this note with interest is paid in full. Omer S. Manlove has full power to declare this note due, and take possession of said property at any time he may deem this note insecure, even before the maturity of the same.

"J. B. Maggart
"Marie Maggart"

There was evidence from which the jury might have found that in September, 1935, the appellees were living in Indianapolis, Indiana, and the said James Burton Maggart was selling metal burial vaults for the appellant, who was engaged in this type of business.

There was further evidence sufficient to establish the following facts: On Labor Day, 1935, the appellant and the appellees went to Hartford City, Indiana, where the furniture in question was purchased from an administrator as a part of the assets of the estate of his decedent, one Anna Wallace. The appellees had seen this furniture at a prior date, and had told the appellant of its existence, and the appellant offered to loan the appellees the money if they desired to buy the furniture. On the occasion in question, the furniture was purchased at and for the agreed price of $150.00, and an additional desk was purchased for $10.00; and the appellant gave

his personal check in the sum of $160.00 in payment thereof. The dining room suite was delivered to the appellee's home in Indianapolis, and the appellant kept and retained the desk. Nothing was said, at the time the furniture was purchased, about the title remaining in the appellant, and no note was given as evidence of the loan of $150.00. On this occasion, the appellant again offered to loan appellees the money to make this purchase. Possession of the furniture was taken by the appellees and retained by them continuously until August 1, 1936, at which time the appellees were living four miles east of Greenfield, Indiana. On that date, the appellees signed the note above set forth at the request of the appellant, who asked that it be executed as evidence of the debt. There was further evidence that the blank spaces had not been filled in at the time it was signed.

It was further stipulated and agreed between the parties at the trial that the appellant had advanced to the appellees sums of money at various times, in addition to the $150.00 paid for the furniture, which sums total $276.00. There had been paid on this account by the appellees various sums, leaving a balance of $49.86.

Under this evidence, the appellant contends, that all the prior negotiations had with the appellees were merged in the written instrument executed August 1, 1936, and this written contract constitutes their entire agreement. The appellees contend, on the other hand, that the note in evidence is only evidence of a past due indebtedness, and cannot constitute a conditional sales contract, since it was executed long after the passing of title and the delivery of possession of the subject matter of the sale.

From a consideration of the facts above recited, unless we can say, as a matter of law, that such facts unquestionably constitute the instrument executed by the appellees on August 1, 1936, a valid conditional sale contract, then the verdict of the jury must be sustained. As this court has said:

"We recognize the law to be, that where the owner of personal property sells and delivers it to a purchaser, not for the purpose of consumption or resale, at an agreed price payable at a future day, upon the express condition that the title to such property shall remain in the vendor thereof, until the purchase price is fully paid, that a conditional contract of sale exists . . . . But, before there can be a valid conditional sale contract, the one assuming to occupy the relation of owner and vendor must be such in fact, and the one assuming to occupy the relation of vendee of the owner must in truth acquire his title through the latter. Paper transfers of titles are of no consequence, where corresponding facts do not exist, nor will apparent momentary ownership, for the purpose of an instantaneous resale, suffice. Mere forms will not be allowed to overshadow the substance, and hence constructive sales and resales will be disregarded if, in fact, only the relation of debtor and creditor exists." *Southern Finance Co.* v. *Mercantile Disc. Corp.* (1923), 80 Ind. App. 436, 438, 439, 141 N. E. 250.

Measured by this rule, it is evident that there was no change of title to the furniture in question as between the parties hereto on August 1, 1936, when the note above set forth was signed by the appellees. If the appellant had title to this furniture and the right to possession thereof, it must have been because of a contract which he made with the appellees at or prior to the time of the delivery of possession to them. This is a replevin action, and as this court has said:

"It is fundamental that in a replevin action, such as here, the plaintiff must allege and prove that it has the title to, and the right of possession of, property sought to be replevied, and, if there is a failure in this regard, there can be no recovery, even though the possession of the defendants is wrongful." *Central Trust Co.* v. *Duncan* (1931), 92 Ind. App. 224, 230, 168 N. E. 506.

If the jury, in trying this cause, believed that at the time the appellees obtained possession of this furniture they purchased the same with money loaned to them by the appellant, and that nothing was said between the parties as to a retention of title by the appellant until the purchase price was fully paid, then the appellant never had title to or the right to possession of such property. It follows, therefore, that if the appellant had no title or right to possession of the property at the time the same was purchased from the original owner, he acquired no interest therein by virtue of the note which the appellees executed on August 1, 1936.

Since there was evidence before the court from which the jury might reasonably conclude that the appellees purchased this property from the original owner with money loaned to them by the appellant, the jury was warranted in finding against the appellant on his complaint in replevin.

The court accordingly committed no error in overruling the appellant's motion for a new trial. Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

NOTE.—Reported in 41 N. E. (2d) 633.