ASSOCIATES INVESTMENT COMPANY *v.* SHELTON ET AL.

[No. 18,246.   Filed April 23, 1952.]

*Alexander Baker,* of Indianapolis, for appellant.

*William W. Kummings* and *Aquilla W. Groves,* both of Crawfordsville, for appellees.

MARTIN, J.—The appellant filed a replevin action against the appellees for possession of an automobile. The appellees filed a counter-claim demanding possession of said automobile or the alternative for its value, together with damages, interest during the pendency of the action, repairs and attorney fees.

The cause was submitted to the court, without the intervention of a jury, and judgment was rendered in favor of appellees and against the appellant for $1,850, plus interest of $82.94, plus damages for the expense of defense of the action and for employment of attorneys in the amount of $300.

The error relied upon for reversal is the action of the trial court in overruling appellant's motion for a new trial.

On appeal, when the sufficiency of the evidence is questioned, we do not weigh the evidence, but we examine the record to see if there is any evidence, or any reasonable or logical inference which may be drawn from the evidence, which if believed by the court would sustain the decision. *Gamble* v. *Lewis*

(1949), 227 Ind. 455, 85 N. E. 2d 629, and cases there cited.

The appellant contends that attorney fees should not have been included as a proper element of damage in his replevin action.

In *Davis and Others* v. *Crow* (1844), 7 Blackf. 129, the court said:

> "The decision of the Circuit Court, in allowing the plaintiff to give in evidence the amount of his lawyers' fees, and of his claim for compensation for attending Court in the action of replevin, is attempted to be justified by the statute regulating proceedings in replevin. . . . We do not think the statute justified the admission of the evidence. It is certain that the plaintiff in replevin, had he been successful, could not have recovered in damages the amount of his lawyers' fees, nor compensation for his own attendance on Court; and we do not see the justice or equity of allowing the defendant in replevin to recover such damages, when they are forbidden to his adversary. . . ."

This is an action in replevin and not on a replevin bond. Even if the suit was on the replevin bond attorney fees cannot be recovered, at least in the absence of a provision in the bond so providing, or some statutory provision. *The Consolidated Tank Line Company* v. *Bronson* (1891), 2 Ind. App. 1, 28 N. E. 155. The case of *Kellar et al.* v. *Carr* (1888), 119 Ind. 127, 21 N. E. 463, relied on by the appellees, does not discuss attorney fees, but only costs.

In the absence of statutory provision therefor, we are of the opinion that attorney fees for services rendered in appearing for the prevailing party in a replevin suit are not allowed in that action.

The appellant contends that interest on the value of the chattel from the date of demand to date of the

judgment is not a proper element of damage in replevin. We cannot agree with this contention.

This court has previously declared itself upon the subject of interest as damages in replevin actions as follows:

"In *Page* v. *Fowler* (1870), 39 Cal. 412, 426, in which the question before us is ably considered, and in which many cases are cited and commented upon, the court say: 'In other words, the rule deducible from the authorities is, that in cases affecting property of a fluctuating value, where exemplary damages are not allowed, the correct measure of damages, is the highest market value within a reasonable time after the property was taken, with interest computed from time such value was estimated. This is, in effect, the rule established in *Scott* v. *Roger* (1864), 31 N. Y. 676, where the precise question was more elaborately discussed than in any other case.' "

*Lindsey* v. *Hewitt* (1908), 42 Ind. App. 573, 579, 86 N. E. 446. In the light of the above decision it is established that interest is a proper element of damages and that interest calculated on the basis of the value of the property as determined by the court was proper. A counterclaim for damages because of a replevin suit has been recognized in Indiana. *Beatty* v. *Miller* (1911), 47 Ind. App. 494, 94 N. E. 897.

The appellant contends that the appellees were not the purchasers for value of the automobile in question under the assignment of the certificate of title. The evidence shows that there was a substantial consideration paid for said automobile by the appellees.

Appellant attempts to throw doubt on the validity of appellees' title to the automobile involved in this case. The purpose of such attempt is to try to show that appellees were not bona fide purchasers for value without notice of a prior claim, and thus take the case out

from under the equitable doctrine that where one of two innocent parties must suffer a loss, it must be borne by him whose action or omission made the loss possible. *Guaranty Discount Corp.* v. *Bowers* (1932), 94 Ind. App. 373, 158 N. E. 231. That case, like the one at bar, was a suit in replevin, brought by the assignee of a vendor under a conditional sales contract against a subsequent bona fide purchaser for value without notice. In that case, as here, the plaintiff had failed to have its lien shown on the certificate of title which would have safeguarded its interests. In discussing the effect of the statute the court said:

"... The statute provides that no certificate of registration of any motor vehicle shall be furnished by the Secretary of State unless the applicant therefor shall have applied for, and received from, the Secretary of State, a certificate of title containing a description and other evidence of identification of the vehicle; and that in the event of the sale or transfer of ownership of the vehicle, for which an original certificate has been issued, 'the original holder of such certificate shall endorse on the back of the same an assignment thereof, with warranty of title, in a form printed thereon, with a statement of all liens or encumbrances on said motor vehicle, and deliver the same to the purchaser or transferee at the time of the delivery to him of such motor vehicle.' ... The law was enacted for the protection of the owners of motor vehicles, of those holding liens thereon and of the public. When appellant purchased the contract, knowing that under the terms thereof, Sherfick, as owner of the equitable title, was to have possession of the car, it, for its own protection and for the protection of any one who might purchase the car, should have seen to it that there was a compliance with the law; having failed so to do, it thereby made possible the fraudulent sale; for if Sherfick had complied with the statute, then, upon a sale of the car, he, as the original holder of the certificate of title, would have been required by the statute to assign the certificate by endorsement, with a statement of all liens."

We are of the opinion the appellant committed a negligent act or omission by failing to have its lien shown on the certificate of title, which would have safeguarded its interests, and is now estopped from asserting its ownership and legal title against the appellees, the innocent purchasers. *Central Finance Company of Peru, Inc.* v. *Garber* (1951), 121 Ind. App. 27, 97 N. E. 2d 503.

The plaintiff in a replevin suit must recover, if at all, upon the strength of his own title and not upon the weakness of the defendant's title. *Guaranty Discount Corp.* v. *Bowers, supra; Manlove* v. *Maggart* (1942), 111 Ind. App. 398, 41 N. E. 2d 633.

Appellants are claiming title through Daly Motors. However, an examination of the record of title does not reveal ownership in said Daly Motors. Appellees' Exhibit "A" purports to be a complete copy of the record of the title to the car in question in the Secretary of State's office. This exhibit shows clearly that the car was transferred from F. Richard Engle to Arlo Stuart and at that time no lien in favor of Associates Investment Company was shown in the title. When Arlo Stuart applied for a title there was nothing in the record or on the title assigned to him to show a lien in favor of appellant. Williams purchased the car from Stuart and Williams sold the car to appellees, as shown by the assignment of the certificate of title and by the bill of sale transferring car from Williams to appellees and the cancelled check by which appellees paid for the car. The certificate of title contained no evidence of ownership in Daly Motors and there is no other evidence of such ownership in said alleged assignor.

The appellant contends that the court did not give proper consideration to the evidence concerning the

value of the vehicle. The record shows ample evidence to sustain the court in its judgment relative to values. The Appellate Court will not weigh the evidence. *Elliot* v. *Keely* (1951), 121 Ind. App. 529, 98 N. E. 2d 374; *Hollars* v. *Stephenson* (1951), 121 Ind. App. 410, 99 N. E. 2d 258, 262.

The judgment is affirmed as to the value of the automobile in the sum of $1,850, plus interest of $82.94.

The judgment is reversed as to damages for the expense of the defense of the action and for the employment of attorneys in the amount of $300.

It would serve no purpose to order a new trial in this cause and the cause is remanded to the trial court to render judgment not inconsistent with this opinion.

NOTE.—Reported in 105 N. E. 2d 354.